171 So.2d 177 (1965)
The TRAVELERS INSURANCE COMPANY, a stock company, Appellant,
v.
Salvatore ESPOSITO, Appellee.
No. 64-242.
District Court of Appeal of Florida. Third District.
January 19, 1965.
Rehearing Denied February 16, 1965.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and Carl K. Hoffmann, Miami, for appellant.
Milton A. Fried, Miami, for appellee.
*178 Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
CARROLL, Judge.
The appellee Salvatore Esposito filed an action against the appellant The Travelers Insurance Company, in the civil court of record in Dade County for recovery of expenses of hospitalization and treatment of his minor daughter at a psychiatric hospital in Victoria, Texas, under an insurance policy. The defendant answered, admitting the policy, averring it was without knowledge as to the allegations of treatment of the plaintiff's daughter, and denying that the alleged hospital was a hospital within the meaning of the policy. The cause came on for hearing on plaintiff's motion for summary judgment supported by affidavits of two doctors and the deposition of one of them. One affidavit, by a Florida doctor, stated it was upon his advice that the minor was taken to the Devereux Foundation in Victoria, Texas, for treatment. The affidavit of Dr. George Constant, of the Devereux Foundation, included the following information:
"1. I am a licensed Medical Doctor and am Psychiatric CONSULTANT to the DEVEREUX FOUNDATION, Victoria, Texas. The DEVEREUX FOUNDATION of Victoria, Texas is a Branch of Devereux Foundation, Devon, Pennsylvania, which is incorporated under the laws of Pennsylvania and is licensed by the State of Texas to operate. It is a member of the National Association of Private Psychiatric Hospitals and the American Hospital Association, and is licensed under the Mental Health Act of the Commonwealth of Pennsylvania.
"2. The DEVEREUX FOUNDATION maintains a full time psychological staff, registered nurses, and a consultant staff of doctors and psychiatrists. All patients are referred by doctors or professional agencies because of their need for care and attention along psychiatric, psychological and/or medical lines.
"3. SANDRA ESPOSITO, daughter of SALVATORE ESPOSITO, entered DEVEREUX FOUNDATION on February 14, 1963, for treatment upon the recommendation of her doctors for treatment of a mental illness. She has been an in-patient since that date."
The deposition of Dr. Constant enlarged upon those facts. The trial judge entered a summary judgment in favor of the plaintiff in the claimed amount of $4,480 plus interest and costs. On this appeal two points are presented as follows:
"I. The Devereux Foundation Southwestern Treatment Center, Victoria, Texas is not a Hospital.
"II. Counsel for the Plaintiff is not Entitled to the Recovery of an Attorney's Fee."
The insurance policy in question was a group employee policy under which the plaintiff was an insured. Under its terms the insured was covered for hospital expense benefits for himself and his dependents. A hospital was defined in the policy as follows:
"The term `hospital' as used herein means an institution which meets all of the following tests:
"(a) It is engaged primarily in providing medical care and treatment of sick and injured persons on an in-patient basis at the patient's expense and maintains diagnostic and therapeutic facilities for surgical and medical diagnosis and treatment of such persons by or under the supervision of a staff of duly qualified physicians;
"(b) It continuously provides Twenty-four hour a day nursing service by or under the supervision of registered graduate nurses and is operated continuously with organized facilities for operative surgery; and

*179 "(c) It is not, other than incidentally, a place of rest, a place for the aged, a place for drug addicts, a place for alcoholics or a nursing home."
Appellant contends the requirements of the above quoted definition were not met because in this "hospital" the diagnostic and medical facilities were limited and it was lacking in facilities for operative surgery. Appellee answers that the deposition of Dr. Constant discloses ample diagnostic and medical facilities, and that there was an affiliation with another hospital for diagnostic and surgical facilities. Such an arrangement with another hospital was sufficient compliance with the requirements to have facilities for diagnosis and operative surgery. It was so held in a similar situation by the United States Court of Appeals in the Ninth Circuit in Reserve Life Insurance Company v. Marr, 9th Cir.1958, 254 F.2d 289.
Appellant also contended The Devereux Foundation did not meet the requirement for a 24-hour nursing service "by or under the supervision of registered graduate nurses". The record does not support that contention. In the affidavit of Dr. Constant it was stated that the foundation maintained registered nurses and he so stated in his deposition which included the following: "Q Now, Doctor, does the Devereux Foundation treatment center at Victoria provide continuously twenty-four hour a day nursing service? A Yes, sir. Q By or under the supervision of registered graduate nurses? A Yes, sir."
There was no requirement in the policy that this be a general hospital, and it was not shown that The Devereux Foundation came within any stated exception. It was not contended that the patient was improperly or needlessly assigned to the hospital for treatment, or that the policy did not provide coverage for the hospital expenses for which recovery was sought. Doubts as to whether the facilities supplied were adequate to meet the policy's defined requirements for a hospital should be resolved by construing the policy liberally in favor of the object to be accomplished, and provisions and conditions therein are to be strictly construed against the insurer. Howard v. American Service Mutual Insurance Co., Fla.App. 1963, 151 So.2d 682, 686; Reserve Life Insurance Company v. Marr, supra. So construed, the language of the policy defining a hospital supports the finding of the trial court that the facilities furnished by The Devereux Foundation in Victoria, Texas, were adequate and sufficient to meet the prescribed policy requirements.
The appellant's second point, challenging the allowance of attorney's fees, was based on the first contention that the claim was not covered by the policy. Upon recovery under the policy, the allowance for attorney's fees was authorized by statute, § 627.0127, Fla. Stat., F.S.A.
Accordingly the judgment appealed from is affirmed.
Affirmed.