**Wilbur Jack SCOTT, Appellant,**

**v.**

**The GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Appellee.**

**No. 178.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 2, 1965.

Rehearing Denied Jan. 6, 1966.

Earl Luna, Luna & Vaughan, Dallas, for appellant.

Larry M. Lesh, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee.

SELLERS, Justice.

This suit was instituted in the court below by appellant, Wilbur Jack Scott, against the Guardian Life Insurance Company of America for recovery under an insurance policy.

On the 24th day of February, 1955, the Guardian Life Insurance Company of America issued to the appellant its policy of insurance No. E-9656, same being a major medical expense policy, whereby said company agreed to pay certain medical expenses incurred for the medical care and treatment of a covered person by reason of sickness or injury.

On September 11, 1962, appellant's son, Jack W. Scott, a covered person under said policy of insurance, was confined and is confined in a hospital, same being the Devereux Foundation, located at Victoria, Texas, as a patient for a nervous disorder. The charges for his treatment, care, medical expenses and therapy amounted to the sum of $450.00 per month, for which the appellant filed suit in the court below. After filing an answer in this case, appellee, the Guardian Life Insurance Company of America, filed a motion for summary judgment. Appellant filed an answer to the motion for summary judgment, stating that the depositions, pleadings and affidavits filed herein show that there are questions of fact to be decided by the jury.

The trial court, after considering the depositions, pleadings and affidavits on file, entered its order sustaining the appellee's motion for summary judgment.

It is apparent from the brief of the appellant, as well as brief of the appellee, that the trial court sustained the motion for summary judgment filed by the appellee on the theory that the Devereux Foundation of Victoria, Texas, where the child was confined, did not meet the requirements of a hospital as defined in the policy, and on this claim only, and the case on the merits never reached the trial court. The policy of insurance provides:

"The Company will not pay any benefits for any of the following charges, nor may they be applied to the satisfaction of the applicable deductible amount. * * * 4. Charges for the care or treatment of mental or nervous disorders, except such charges incurred while the covered person on whose behalf they are incurred is confined in a hospital. * * *"

The policy defines "hospital" as follows:

"Hospital means a legally constituted and operated institution which has organized facilities for the care and treatment of sick and injured people on an in-patient basis, including facilities for diagnosis and major surgery, 24-hour nursing service, and medical supervision. * * *"

Since this case has been in this court, the appellant has filed in this court a supplemental brief in which he cited the case of Travelers Insurance Company v. Esposito, Fla.App., 171 So.2d 177, certiorari denied by the Supreme Court of Florida, in which the identical question presented by this appeal was before that court, and that question is, Was the Devereux Foundation of Victoria, Texas, a hospital under the terms of the policy there involved, which definition of hospital was in all material respects the same as that contained in the policy under consideration. We quote from the Florida case:

"CARROLL, Judge.

"The appellee Salvatore Esposito filed an action against the appellant The Travelers Insurance Company, in the civil court of record in Dade County for recovery of expenses of hospitalization and treatment of his minor daughter at a psychiatric hospital in Victoria, Texas, under an insurance policy. The defendant answered, admitting the policy, averring it was without knowledge as to the allegations of treatment of the plaintiff's daughter, and denying that the alleged hospital was a hospital within the meaning of the policy. The cause came on for hearing on plaintiff's motion for summary judgment supported by affidavits of two doctors and the deposition of one of them. One affidavit, by a Florida doctor, stated it was upon his advice that the minor was taken to the Devereux Foundation in Victoria, Texas, for treatment. The affidavit of Dr. George Constant, of the Devereux Foundation, included the following information:

"'1. I am a licensed Medical Doctor and am Psychiatric CONSULTANT to the DEVEREUX FOUNDATION, Victoria, Texas. The DEVEREUX FOUNDATION of Victoria, Texas is a Branch of Devereux Foundation, Devon, Pennsylvania, which is incorporated under the laws of Pennsylvania and is licensed by the State of Texas to operate. It is a member of the National Association of Private Psychiatric Hospitals and the American Hospital Association, and is licensed under the Mental Health Act of the Commonwealth of Pennsylvania.

"'2. The DEVEREUX FOUNDATION maintains a full time psychological staff, registered nurses, and a consultant staff of doctors and psychiatrists. All patients are referred by doctors or professional agencies because of their need for care and attention along psychiatric, psychological and/or medical lines.

"'3. SANDRA ESPOSITO, daughter of SALVATORE ESPOSITO, entered DEVEREUX FOUNDATION on February 14, 1963, for treatment upon the recommendation of her doctors for treatment of a mental illness. She has been an in-patient since that date.'

"The deposition of Dr. Constant enlarged upon those facts. The trial judge entered a summary judgment in favor of the plaintiff in the claimed amount of $4,480 plus interest and costs. On this appeal two points are presented as follows:

"'I. The Devereux Foundation Southwestern Treatment Center, Victoria, Texas is not a Hospital.

"'II. Counsel for the Plaintiff is not Entitled to the Recovery of an Attorney's Fee.'

"The insurance policy in question was a group employee policy under which the plaintiff was an insured. Under its terms the insured was covered for hospital expense benefits for himself and his dependents. A hospital was defined in the policy as follows:

"'The term 'hospital' as used herein means an institution which meets all of the following tests:

"'(a) It is engaged primarily in providing medical care and treatment of

sick and injured persons on an in-patient basis at the patient's expense and maintains diagnostic and therapeutic facilities for surgical and medical diagnosis and treatment of such persons by or under the supervision of a staff of duly qualified physicians;

" '(b) It continuously provides Twenty-four hour a day nursing service by or under the supervision of registered graduate nurses and is operated continuously with organized facilities for operative surgery; and

" '(c) It is not, other than incidentally, a place of rest, a place for the aged, a place for drug addicts, a place for alcoholics or a nursing home.'

"Appellant contends the requirements of the above quoted definition were not met because in this 'hospital' the diagnostic and medical facilities were limited and it was lacking in facilities for operative surgery. Appellee answers that the deposition of Dr. Constant discloses ample diagnostic and medical facilities, and that there was an affiliation with another hospital for diagnostic and surgical facilities. Such an arrangement with another hospital was sufficient compliance with the requirements to have facilities for diagnosis and operative surgery. It was so held in a similar situation by the United States Court of Appeals in the Ninth Circuit in Reserve Life Insurance Company v. Marr, 9th Cir. 1958, 254 F.2d 289.

"Appellant also contended The Devereux Foundation did not meet the requirement for a 24-hour nursing service 'by or under the supervision of registered graduate nurses'. The record does not support that contention. In the affidavit of Dr. Constant it was stated that the foundation maintained registered nurses and he so stated in his deposition which included the following: 'Q Now, Doctor, does the Devereux Foundation treatment center at Victoria provide continuously twenty-four hour a day nursing service? A Yes, sir. Q By or under the supervision of registered graduate nurses? A Yes, sir.'

■ "There was no requirement in the policy that this be a general hospital, and it was not shown that The Devereux Foundation came within any stated exception. It was not contended that the patient was improperly or needlessly assigned to the hospital for treatment, or that the policy did not provide coverage for the hospital expenses for which recovery was sought. Doubts as to whether the facilities supplied were adequate to meet the policy's defined requirements for a hospital should be resolved by construing the policy liberally in favor of the object to be accomplished, and provisions and conditions therein are to be strictly construed against the insurer. Howard v. American Service Mutual Insurance Co., Fla.App.1963, 151 So.2d 682, 686; Reserve Life Insurance Company v. Marr, supra. So construed, the language of the policy defining a hospital supports the finding of the trial court that the facilities furnished by The Devereux Foundation in Victoria, Texas, were adequate and sufficient to meet the prescribed policy requirements."

Dr. Constant was a witness in the case before this court by deposition and his evidence is in all material respect the same as given by him in the Florida case.

■ We adopt the holding in the Florida case and find that the Devereux Foundation of Victoria, Texas, is a hospital under the terms of the policy sued upon by appellant.

The date of the Florida opinion is such that we are sure the attorneys for both appellant and appellee, as well as the court, did not have the benefit of the same when the judgment of the trial court was rendered in this case.

The judgment of the trial court is reversed and the cause remanded for trial on the merits.