### 45531. RAYNOR v. AMERICAN HERITAGE LIFE INSURANCE COMPANY.

WHITMAN, Judge. Appellant Raynor sued the American Heritage Life Insurance Company for claimed benefits under a group insurance policy which the insurance company issued to the employees of J. H. Filbert, Inc. The policy provided coverage for hospital expense when "confined as hereinafter provided in *a*

*legally constituted hospital,* as a result of (1) an accidental bodily injury . . . or (2) disease. . ."

The policy further provides: "The term 'legally constituted hospital' as used herein shall mean a legally licensed hospital providing for overnight care of patient with a registered graduate nurse in attendance 24 hours a day, with a Doctor of Medicine or Osteopathy on call and with provisions within the hospital for feeding of patients and facilities for both major and minor surgery and for x-ray and laboratory tests. The word 'hospital' does not include clinics or rest homes unless they qualify under the above definition."

The evidence on motion for summary judgment made by the insurance company shows without dispute that the College Street Hospital, where Raynor was a patient, did not have the appliances and equipment for performing x-ray or major surgery. However, there is evidence that these two services were provided to patients when needed by virtue of "transfer agreements" between College Street Hospital and two hospitals (within ½ mile) which did provide major surgery, and by an "agreement" with a "full fledged" x-ray laboratory (within two blocks).

The motion for summary judgment was granted and Raynor appealed therefrom, enumerating the same as error. *Held:*

The question in the case is whether the policy covers Raynor's claim in view of the policy definition of "hospital" with particular regard to the requirements for major surgery and x-ray.

In Reserve Life Ins. Co. v. Marr, 254 F2d 289, 290, the policy definition of "hospital," to wit, "an institution which has a laboratory, x-ray equipment and an operating room where major surgical operations may be performed" was held to include an institution which had *contracted* for the use of an operating room and laboratory work at other nearby institutions with the court stating that it could find no requirement in the definition that operating room and laboratory had to be "on the premises or within the confines of a building or buildings operated by the hospital as an integrated whole." The same result was reached with varying definitions of "hospital" in Reserve Life Ins. Co. v. Mattocks, 6 Ariz. App. 450 (433 P2d 303) (x-ray

equipment and major surgical operating room provided *by contract* with another hospital); McKinney v. American Security Life Ins. Co. (La. App.) 76 S. 2d 630 (x-ray service available *on contract*); Travelers Ins. Co. v. Esposito, (Fla. App.) 171 S. 2d 177 (was *affiliated* with another hospital for diagnostic and surgical needs). In reaching contra results in Burk v. Prudential Ins. Co., 7 N. C. App. 209 (172 SE2d 67); Guardian Life Ins. Co. v. Scott, (Tex. Sup. Ct.), 405 S. W. 2d 64; Aetna Life Ins. Co. v. Adams, (Tex. Civ. App.) 447 S. W. 2d 453; Patterson v. Aetna Life Ins. Co., 248 S. C. 374 (149 SE2d 915), the courts noted that mere availability of outside physical facilities, without a contract therefor, was not sufficient; that a definition which says "has" does not mean merely "has access"; or that the plain, clear and unambiguous policy definition of "hospital" required the hospital to have the specified capabilities on the hospital premises and be primarily engaged in providing the specified services.

The general rule which was applied in the above cases and which is to be applied here is that policies of insurance are to be liberally construed in favor of the object to be accomplished and in favor of the insured except when the language is so unmistakably clear and unambiguous as to allow but one meaning.

In the present case the insurance company insists that the definition of "hospital" plainly requires that there be facilities for major surgery and x-ray *within* the hospital. The definition may be read in that manner. But it also may be construed to read as follows: "The term [hospital] . . . shall mean . . . *with . . . facilities* for . . . major . . . surgery and for x-ray . . ." (Emphasis supplied.) The word "facility" ("facilities" plural) as defined in Webster's Third New International Dictionary, Unabridged (1961), page 812, means something that is built or installed to perform some particular function but it also means something that promotes the ease of any action or course of conduct. It is our view that the facilities mentioned need not necessarily be provided in the hospital building or on the premises on which the hospital building is located, but may be provided by contractual arrangements with nearby institutions.

In short, we think that if it be shown that the hospital in the

present case has agreements in the nature of contracts with the nearby institutions shown in the evidence, by which the services in question are assured to its patients when needed (i.e., not merely "available" in the sense that they are "available" to the general public), then in view of the Marr case with its more restrictive definition and the other cited cases which we regard as persuasive we think that the College Street Hospital, Inc. would come within the policy definition.

The trial court erred in granting the defendant-appellee's motion for summary judgment.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 8, 1970—DECIDED JANUARY 21, 1971—
REHEARING DENIED FEBRUARY 4, 1971—CERT. APPLIED FOR.

*Robert F. Higgins, Virgil H. Shepard,* for appellant.
*Harris, Russell & Watkins, T. Reese Watkins,* for appellee.