HOLMES, Judge.
The Circuit Court of Mobile County granted the defendant-insurance company’s motion for summary judgment. The plaintiff appeals and we reverse.
Defendant-Employers Life Insurance Company filed an action for declaratory judgment in the Circuit Court of Mobile County, seeking to determine if Tranqui-laire Hospital was a “hospital” as defined by the terms of defendant’s group medical insurance policy. Both plaintiff and defendant filed motions for summary judgment. The trial court granted defendant’s motion, holding that Tranquilaire was not a “hospital” as required by the terms of the policy. Plaintiff-Tranquilaire appeals.
At the outset, we note that this court on appeal from summary judgment, looks at the same factors which the court below considered in ruling on the motion. See 2A Ala. Digest Appeal & Error <®=»863.
The record reveals that there is no dispute in the facts. Defendant issued a group medical insurance policy to the Alabama Dental Association; Dr. John A. Pit-man being among those insured. His daughter was also an insured within the terms of the policy. The policy was in full force and effect while the daughter was a patient in Tranquilaire from February, 1976, to May, 1976. While a patient at Tranquilaire, she was treated for a psychiatric disorder.
After her release from the hospital, Dr. Pitman assigned his benefits under the policy to Tranquilaire. Defendant refused to pay plaintiff-Tranquilaire’s charges for Dr. Pitman’s daughter’s hospitalization. Defendant based this refusal on its contention that Tranquilaire is not a “hospital” within the meaning of the policy provisions. As noted above, the Circuit Court of Mobile County, in granting defendant’s motion for summary judgment, held that plaintiff was not such a “hospital” within the terms of the policy.
Since the dispositive issue on appeal is whether plaintiff-Tranquilaire is a “hospital” within the terms of the policy, we deem *246 it appropriate to set out such provisions, in pertinent part, as follows:
“ ‘Hospital’ means a legally constituted institution which is licensed as a hospital (if hospital licensing is required where it is situated), which is open at all times and is operated primarily for the care and treatment of sick and injured persons as in-patients, which has a staff of one or more licensed physicians available at all times, which continuously provides 24-hour nursing service by graduate registered nurses, which provides organized facilities for diagnosis and major surgery and which is not primarily a clinic, nursing, rest or convalescent home, or similar establishment.”
Initially, defendant contends plaintiff is not a hospital since it does not treat the “sick and injured” but instead treats those with psychiatric disorders. We do not agree with this contention.
Sickness has been defined to embrace the term “sickness and injury.” Sickness is any affection of the body which deprives the body temporarily of the power to fulfill its usual functions. See Globe Life Insurance Co. of Alabama v. Howard, 41 Ala.App. 621, 147 So.2d 853 (1962). Furthermore, it has been generally stated that a hospital is a place for the care of the sick, whether in mind or body. See Bennett v. Bennett, 27 Ill.App.2d 24, 169 N.E.2d 172 (1960).
In this instance, the term “sick and injured” within the policy provision would include a psychiatric disorder in that, to this court, such disorder is clearly a sickness.
In the second and more difficult issue, defendant contends plaintiff is not a hospital within the terms of its policy due to its lack of facilities for major surgery. Appellant-plaintiff however contends it is such a hospital within the terms of the policy by virtue of its written patient transfer agreement with Doctors Hospital. Doctors Hospital is located within 100 feet of Tranqui-laire and provides facilities for major surgery.
The agreement, in pertinent part, between Doctors Hospital and Tranquilaire provides for the following:
“B. IN THE INTEREST OF THE HIGHEST QUALITY OF PATIENT CARE AND UPON THE RECOMMENDATION OF A PATIENT’S ATTENDING PHYSICIAN AT TRANQUILAIRE, WITHOUT REGARD TO RACE, CREED OR NATIONAL ORIGIN, DOCTORS HOSPITAL HEREBY AGREES TO ADMIT SUCH PATIENTS TO THEIR FACILITY PROVIDED THE FOLLOWING CONDITIONS ARE MET:
“1. The Tranquilaire Hospital Patient’s attending physician shall be a member of the Medical Staff of Doctors Hospital with admitting privileges or he/she shall refer the patient to the care of a physician who is a member of the Medical Staff of Doctors Hospital with admitting privileges, and
“2. All conditions of eligibility for admission to Doctors Hospital shall be met by the patient, and
“3. Provided suitable space for such patients is available at Doctors Hospital, and
“4. The Patient’s psychiatric condition shall be taken into consideration in determining his eligibility for admission to Doctors Hospital.”
At this point, we note that this appeal presents an issue of first impression in Alabama and we must resort to other jurisdictions for its resolution.
The law in Alabama, however, is settled concerning interpretation of an insurance policy. It is necessary to give effect to all parts of the policy and give a reasonable interpretation to all its provisions. An isolated sentence or term is not to be construed alone, but in context with the other provisions of the policy. It is only in this way that the intent and purpose of the parties can be determined. See Aetna Life Insurance Company v. Hare, 47 Ala.App. 478, 256 So.2d 904 (1972).
As noted above, the defendant contends plaintiff does not qualify as a “hospi *247 tal” within the terms of the insurance policy due to the absence of facilities for major surgery. The appellant-plaintiff, however, presents evidence that there is an agreement with another hospital for surgical facilities and, therefore, compliance with the terms of the policy is met.
The Florida court, in Travelers Insurance Company v. Esposito, Fla., 171 So.2d 177 (1965), held that such an arrangement, as stated above, with another hospital was sufficient to comply with the requirements of having facilities for diagnosis and operative surgery.
Furthermore, in Reserve Life Insurance Company v. Marr, 254 F.2d 289 (9th Circuit 1958), cert. denied 358 U.S. 839, 79 S.Ct. 63, 3 L.Ed.2d 74, the issue involved the term “hospital”, to wit, “an institution which has a laboratory, x-ray equipment and an operating room where major surgical operations may be performed.” The court held a “hospital” to include an institution which had contracted for the use of an operating room and laboratory work at other nearby institutions. The court further held that they could find no requirement in the policy that the operating room be on the premises or within the confines of a building or buildings operated by the hospital as an integrated whole. Accord, Raynor v. American Heritage Life Insurance Company, 123 Ga. App. 247, 180 S.E.2d 248, cert. denied (1971).
In the present case, Tranquílame and Doctors Hospital have a patient transfer agreement which has existed for several years. The record reveals that such transfers have taken place in the past. Furthermore, in order to meet accreditation requirements, Tranquilaire must continue to maintain an agreement with another licensed, accredited general facility which offers surgical procedures. Such an agreement is sufficient to bring this case within the purview of Esposito, Marr, and Raynor, supra.
We further note that when a policy defines a “hospital” by prescribing certain standards, it is sufficient that the institution in question substantially conforms to those requirements. See Reserve Life Insurance Co. v. Marr, supra; Couch on Insurance 2d § 41:847; Dortlon v. Union Fidelity Life Insurance Co., La.App., 326 So.2d 383 (1976).
Able counsel for defendant has cited, in brief filed with this court, respectable authority to support its position that a patient transfer agreement is not sufficient to bring plaintiff within the policy provisions. However, the overwhelming majority of cases hold that such a transfer agreement constitutes compliance with policy provisions. See 46 A.L.R.3d 1244. Provisions in a health or medical policy should be given a liberal interpretation to the end that equity be done and the underlying beneficial purposes of the contract not be rendered nugatory. See Reserve Life Insurance Co. v. Mattocks, 6 Ariz.App. 450, 433 P.2d 303 (1967).
The Louisiana court, in McKinney v. American Security Life Insurance Co., 76 So.2d 630, 634 (1954), cert. denied (1955), aptly stated that:
“Certainly policy holders in order to determine the effect of the contract should not be required to check technical equipment and nursing qualifications maintained at hospitals.”
This opinion should not be construed as disregarding plain and explicit language, but as holding that a liberal and reasonable construction of the language of the policy supports our finding that the hospital in which the insured was confined was in compliance with the definition of a “hospital” contained in the policy.
The above being dispositive of the issues in this case, this cause is due to be and is reversed and remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P. J., and BRADLEY, J., concur.