## 70399. GRIFFIN v. ADAMS.
### (334 SE2d 42)

DEEN, Presiding Judge.

Eugene Griffin sold a business known as Crane Used Auto Parts to James E. Adams. The business was not located on land owned by Griffin, but rather by Crane Auto Parts of Columbus, Inc., and appellant was a lessee under the terms of a lease entered into between himself as lessee and Crane Auto Parts of Columbus, Inc., as lessor. Paragraph 33 of the lease provided that "in the event of sale or redevelopment of herein premises . . . Landlord or Tenant has the privilege of terminating this lease agreement at any time; provided however, one gives to the other advance written personal return receipt requested notice 90 days from a rent due date of his intention to quit." At the time Griffin and Adams negotiated the sale of the business, the lease was in existence and the parties made provision in their written contract for sale of the business to anticipate the possibility that occupancy of the premises might be lost. The contract, dated July 16, 1982, provides for a purchase price of $250,000; one half payable at closing and the balance payable in monthly installments "during the balance of the seller's lease . . . which terminates at midnight June 15, 1989." Monthly payments were to commence on August 15, 1982, in the amount of $1,488.10 for twenty-three months with a twenty-fourth payment of $25,000 due on July 15, 1984. The remaining balance was to be paid in equal monthly installments of $1,114.82 until June 15, 1989. The contract also provided that "seller guarantees the leased property in favor of the purchaser provided rentals are paid by purchaser until midnight June 14, 1989" and that the "purchaser shall have the right to occupy and fully utilize the said leased property until June 14, 1989, . . . and seller agrees that if the purchaser is for any reason not allowed by the owner or lessor of said leased property to use, occupy and have all leasehold rights which the seller enjoyed as lessee of said property, then each of the parties recognizes that the damages suffered by the purchaser would be equal to any outstanding balance to seller for the purchase of the business . . . and purchaser would not be obligated to make any further outstand-

ing payments to seller after his right to occupy the leased premises was terminated before June 14, 1989."

On January 14, 1983, the property owner notified Adams by letter that he was to vacate the premises so that the property could be sold and developed. Appellee immediately searched for a new location, began liquidating his inventory and vacated the premises by the April 13, 1983, deadline. He made monthly payments to Griffin until that date. Griffin brought suit against Adams for the entire unpaid balance of the monthly payments which would have been due through the end of the lease. Adams answered, counterclaimed and filed a motion for summary judgment. Griffin appeals from the grant of summary judgment in favor of Adams, contending the court erred in construing the contract and finding as a matter of law that Adams' obligation to make payments under the contract was conditioned on his continued occupancy of the premises, and further finding that the contract clearly and unambiguously releases Adams' obligation to pay the entire purchase price in the event of the lessor's re-entry onto the premises. *Held*:

It is well-established that no construction of a contract is required or is even permissible when the language used by the parties is plain, unambiguous and capable of only one reasonable interpretation. In such a case, the language used is given its literal meaning, and plain ordinary words are given their usual significance. *Wheeler v. Jones County*, 101 Ga. App. 234, 236 (113 SE2d 238) (1960). Where the terms of a written contract are clear and unambiguous, the court will look to it, and it alone, to determine the intention of the parties. *DeLong v. Cobb*, 215 Ga. 500 (111 SE2d 89) (1959).

The language quoted above is not doubtful or ambiguous. The monthly payments on the purchase price coincide with the terms of the lease; the contract guarantees full use and occupancy of the property until the lease term ends and plainly states that the buyer's obligation to make payments under the contract is conditioned on his right to occupy the premises until midnight, June 14, 1989. The trial court also correctly found that the contract clearly sets up a condition precedent. See *Irvindale Farms v. W. O. Pierce Dairy*, 78 Ga. App. 670 (51 SE2d 712) (1949); OCGA § 13-5-7, generally.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1985.

*John W. Chambers, Sr., John W. Chambers, Jr.*, for appellant. *Charles A. Evans*, for appellee.