0687[1]

The EDGEFIELD COUNTY WATER AND SEWER AUTHORITY, Respondent v. The CITY OF NORTH AUGUSTA, South Carolina, Appellant.

(345 S. E. (2d) 260)

Court of Appeals

*Kelly F. Zier*, of *Fox, Zier, Burkhalter, Hatcher & Verenes*, North Augusta, *for appellant.*

*Joe F. Anderson, Jr.*, of *Anderson & Anderson*, Edgefield, *for respondent.*

Heard March 25, 1986.

Decided June 16, 1986.

SHAW, Judge:

The issue on appeal is whether the circuit court judge erred in affirming a master's finding that appellant City of North Augusta (City) should be enjoined from constructing a water storage tank within the service district of re-

---

[1] Our earlier opinion in this case, No. 0687, filed April 21, 1986, is withdrawn and this opinion is substituted therefor.

spondent Edgefield County Water and Sewer Authority (Authority). We affirm.

The City proposed to purchase property to construct a 500,000 gallon water storage tank. After a study, the best and most cost effective site was one located within the service district of the Authority. The City has no plans to expand its services into the Authority's district and claims the placing of the water tank in the Authority's service district would pose no threat nor attempt to invade the province of the Authority's services. Also, the City asserts the cost saving should be a factor in the ultimate decision. We disagree.

The Authority petitioned for an injunction against construction of the water tank.

The sole issue is whether the General Assembly intended for the word "facility" to embrace the City's proposed water tanks. A "facility" is a very inclusive term, embracing anything which aids or makes easier the performance of a duty. *Hartford Electric Light Co. v. Federal Power Commission*, C.C.A., 131 F. (2d) 953, 960, 961. The word "facility" means something that is built or installed to perform some particular function. *Raynor v. American Heritage Life Ins. Co.*, 123 Ga. App. 247, 180 S. E. (2d) 248, 250.

In creating the Authority (1967 S. C. Acts 571, Section 13), the General Assembly provided in pertinent part:

> [a]ll municipalities, public bodies and public agencies operating water district systems in and adjacent to Edgefield County shall be fully empowered to enter into contracts to buy water from the Authority. . . . No municipality or other agency operating water systems shall extend its present facilities beyond the corporate limits without prior written approval of the Authority.

In the interpretation of statutes the court's sole function is to determine and, within constitutional limits, give effect to the intention of the legislature, with reference to the meaning of the language used and the subject matter and purposes of the statute. *State v. Carrigan*, 284 S. C. 610, 328 S. E. (2d) 119 (Ct. App. 1985).

We hold the tank constitutes a "facility" embraced by the statute and is barred.

We hold the primary purpose of the statute is to regulate competition between the Authority and potential area water suppliers. The cost-benefit analysis argued by the City is irrelevant to the governing statute.

Affirmed.

CURETON and GOOLSBY, JJ., concur.