22598

ANDERSON COUNTY, South Carolina, Appellant v. The COMBINED UTILITY COMMISSION OF the CITY OF EASLEY, S. C., and the City of Easley, Respondents.

(348 S. E. (2d) 359)

Supreme Court

*Michael F. Mullinax,* of *Long, Thomason & Mullinax,* Anderson, *for appellant.*

*Felix L. Finley, Jr.,* and *George F. Townes,* of *Finley Law Firm,* and *John T. Gentry,* Pickens, *for respondents.*

Heard June 4, 1986.

Decided July 21, 1986.

GREGORY, Justice:

This is an action seeking a declaratory judgment and injunctive relief. Appellant Anderson County sought to block construction of a sewage treatment plant within its boundaries by Respondents City of Easley and the Combined Utility Commission (the city). The Circuit Court dismissed the County's petition. This appeal followed. We affirm.

The underlying facts are undisputed. The City of Easley was in urgent need of a new sewage treatment facility. Engineers were retained, and a site was selected. The city is in the southeast portion of Pickens County, very near the Anderson County line. The site choice was dictated necessarily by geography. The site is some 3500 feet across the Anderson County line. The 32 acre tract, and all but two rights of way were obtained by purchase. The remaining rights of way were acquired by condemnation pursuant to Section 28-5-10 of the Code of Laws of South Carolina (1976).

The site, plans and specifications for the facility were approved by the South Carolina Department of Health and Environmental Control (DHEC) and the United States Environmental Protection Agency (EPA). DHEC permits were issued in September, 1984. The EPA awarded a construction grant the same month. The Anderson County Council, however, opposed the plant by resolution because the city never sought county approval. This action followed.

It is important to note that this plant is not, and will not be, in competition with the Anderson County Sewer Authority. The plant will serve only those customers in the Easley service area. It will not serve any resident of Anderson County.

The county argues that Sections 4-9-10, *et seq.* of the Code of Laws of South Carolina (1976) (the Home Rule Act) give the county sole authority to regulate water and sewage facilities within its boundaries. Additionally, the county contends that Section 44-55-1410 gives the county sole authority to construct and operate sewage facilities within its boundaries. Thus, it is argued the county must approve construction of the disputed plant.

We agree with the county's basic premise concerning the Home Rule Act and Section 44-55-1410; however, we disagree that these statutes necessarily mandate county approval for the Easley plant.

It is clear a city may construct sewage treatment facilities outside its corporate limits, and outside the county in which the city is located. *See* Sections 6-21-10, *et seq.* (Revenue Bond Act), particularly Sections 6-21-50 and -100; *See also* Sections 5-7-50 and 5-31-420(b). The Revenue Bond Act expressly provides construction of any portion of a sewage system ". . . either within or without the limits of such city or incorporated town." Section 6-21-50; *See also* Section 6-21-100 (permits acquisition of property for a system ". . . within or without the limits of such municipality in the county in which it is situated or in any adjoining county or counties.").

Anderson County argues, however, that these powers are limited by other statutes. First, the county contends that Section 4-9-30 (permitting the county to levy and assess taxes for various purposes, including the collection and treatment of sewage) requires Easley to obtain county approval for the new facility. This statute is clearly inapplicable because the Easley plant will in no way prevent the county from exercising its authority under the statute.

Appellant also relies on Section 44-55-1410, which authorizes the county to construct sewage facilities. The statute is equally inapplicable because the new plant will not serve Anderson County residents.

The county also argues that Section 5-7-60 and this Court's opinions in *City of Newberry v. Public Service Comm.*, 287 S. C. 404, 339, S. E. (2d) 124 (1986), and *Spartanburg Sanitary Sewer Authority v. City of Spartanburg*, 283 S. C. 67, 321 S. E. (2d) 258 (1984) give the county absolute authority over sewer treatment facilities within its boundaries. This argument is without merit. The city is only prohibited from serving Anderson County residents.

Finally, appellant cites two recent decisions of the Court of Appeals as controlling this case. In *St. Andrews Public Serv. Comm. v. Commissioners of Public Works*, 289 S. C. 68, 344 S. E. (2d) 857 (Ct. App. 1986, *reh. den.* May 27, 1986), the Court of Appeals held that the St. Andrews Public Service

District Commission had no authority to exercise the power of eminent domain outside its territorial limits. The decision, however, is clearly distinguishable because it hinged on the power to acquire property. It did not attack any proposed use of the subject property. It was simply a challenge to the eminent domain proceeding by the landowner involved. The instant case, on the other hand, does not attack the city's right of acquisition. The owners of the two rights of way acquired by condemnation are not parties to this action. This case is simply a challenge to the use of the land.

The county also cites *Edgefield County Water and Sewer Authority v. City of North Augusta*, 289 S. C. 148, 345 S. E. (2d) 260 (Ct. App. 1986, *reh. den.* June 16, 1986); however, this case, too, is inapplicable. It simply held that a water tower was a "facility" within the meaning of the statute creating the Edgefield Water and Sewer Authority (1967 S. C. Acts 571, Section 13). Neither the *St. Andrews* case, nor the *Edgefield* case aid the appellant's position.[1]

Therefore, we hold the city of Easley has the authority to construct the disputed plant. Our decision, however, does not deny the residents of the area the right to challenge construction through DHEC and EPA administrative procedures to raise aesthetic or environmental issues.

Accordingly, the order of the lower court is

Affirmed.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[1] A notice of intention to petition for a writ of certiorari has been filed in the *St. Andrews* case. The *Edgefield* opinion replaces an earlier opinion filed April 21, 1986, which was withdrawn and a petition for rehearing has been denied. We express no opinion regarding the merits of these cases.