A89A1543, A89A1544. FLOYD v. J. C. PENNEY CASUALTY INSURANCE COMPANY; and vice versa.
(387 SE2d 625)

BENHAM, Judge.

Appellant/cross-appellee Floyd was injured when she slipped and fell while approaching her automobile. She filed suit after her automobile insurance carrier (appellee/cross-appellant J. C. Penney Casualty Insurance Company) denied her request for personal injury protection (PIP) benefits. Perceiving the issue as one of law, we granted both parties' applications for interlocutory review after the trial court denied both parties' motions for summary judgment.

1. Ms. Floyd seeks recovery for injuries she sustained when she twisted her ankle and fell as she walked toward her car at an automobile dealership where she had left her car for servicing. After she had paid her bill for the servicing, Ms. Floyd waited for her car to be driven to the customer area. An employee of the dealership drove the vehicle to the area where Ms. Floyd was waiting. He exited the vehicle, and Ms. Floyd fell as she walked toward her automobile. It is undisputed that she was approximately eight feet from her vehicle at the time she fell.

Under the Georgia Motor Vehicle Accident Reparations Act (OCGA § 33-34-1 et seq.), the insurer of a motor vehicle is required to pay basic no-fault benefits without regard to fault for economic loss resulting from accidental bodily injury sustained by the insured while

occupying any motor vehicle within the United States. OCGA § 33-34-7 (a) (1). " 'Accidental bodily injury' means bodily injury . . . arising out of the operation, maintenance, or use of a motor vehicle which is accidental as to the person claiming basic no-fault benefits . . . ." OCGA § 33-34-2 (1). " 'Occupying' means to be in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle." OCGA § 33-34-2 (8). The initial question to be addressed, and the one to which each party brings a different answer, is whether, under Georgia law, Ms. Floyd was "occupying" the vehicle insured by J. C. Penney at the time she sustained her injuries. See *Kelley v. Integon Indem. Corp.*, 253 Ga. 269 (320 SE2d 526) (1984).

There is no dispute that Ms. Floyd was not "in or upon [her] motor vehicle" when she fell. However, Ms. Floyd maintains that she was "engaged in the immediate act of entering into . . . [her] motor vehicle" when she was injured, a contention with which her insurance company disagrees. Without discussion, this court recently opined in *Cole v. New Hampshire Ins. Co.*, 188 Ga. App. 327 (373 SE2d 36) (1988), that a woman who slipped and fell while walking to her car, striking her arm on her vehicle's fender, was not "engaged in the '*immediate*' act of entering into" her car. Id at 329. In an effort to avoid a case-by-case appellate analysis of what constitutes "the immediate act of entering into . . . a motor vehicle," we will herein endeavor to define that term, keeping in mind that the terms are plain, unambiguous, and deserving of their ordinary meaning.

"Enter" is defined in Webster's New International Dictionary (2d ed.) (unabridged) (1961) as "[t]o . . . go into; to pass into the interior of; to pass within the outer cover or shell of. . . ." We conclude that it requires direct physical contact between the claimant and the insured vehicle attendant to gaining entry to the vehicle, or the claimant actually having placed a portion of his/her body in the vehicle. While not enunciating a standard, the court in *Cole*, supra, implicitly applied to the facts of that case a standard similar to the one we have set forth today. We note that the act of entering a vehicle is distinguished from the act of approaching the vehicle (see *Gleason v. Merchants Mut. Ins. Co.*, 589 FSupp. 1474 (D.R.I. 1984)), as well as from the act of preparing to enter the vehicle (see *King v. Aetna Cas. &c. Co.*, 325 NW2d 528 (Mich. CA 1982). The statutorily-imposed requirement of immediacy makes Georgia's mandatory coverage more limited in scope than in other states where coverage is not limited in such a manner. See *State Farm &c. Ins. Co. v. Holmes*, 175 Ga. App. 655 (333 SE2d 917) (1985) (Judge Beasley dissent).

Ms. Floyd maintains that she was engaged in the immediate act of entering her vehicle from the time she started toward her vehicle. However, such a position is governed by the putative insured's subjec-

tive intent to enter, and under the same rationale, there would be coverage despite the geographic distance separating the claimant and the vehicle, so long as the subjective intent were present. "[T]o carry her argument to its inevitable extreme, coverage would inhere . . . if she was [approaching from] fifty feet away, a mile or two away, a continent away—so long as she claimed to be enroute to her car. That would be an absurd and inequitable extension of coverage. . . ." *Gleason*, supra.

Since, when she fell, Ms. Floyd was neither in direct physical contact with her vehicle nor had a portion of her body within the car, she was not occupying the vehicle. Therefore, her injuries were not sustained in an insured event under OCGA § 33-34-7 (a), and summary judgment should have been granted appellee/cross-appellant J. C. Penney. Ms. Floyd's reliance on *Hartford Accident &c. Co. v. Booker*, 140 Ga. App. 3 (230 SE2d 70) (1976), is misplaced inasmuch as that case revolves around the use of the vehicle, not whether Booker was occupying the vehicle. *Jones v. Transamerica Ins. Co.*, 154 Ga. App. 408 (268 SE2d 444) (1980), also relied upon by Ms. Floyd, was disapproved by our Supreme Court in *Kelley v. Integon Indem. Corp.*, supra.

2. We need not address Ms. Floyd's remaining enumerations of error inasmuch as they have been rendered moot by our holding in Division 1.

*Judgment affirmed in Case No. A89A1543. Judgment reversed in Case No. A89A1544. Deen, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 31, 1989.

*George P. Graves*, for appellant.
*Murray, Temple & Dinges, William D. Strickland*, for appellee.