A92A2320. MAJOR v. ALLSTATE INSURANCE COMPANY.
(429 SE2d 172)

BIRDSONG, Presiding Judge.

Marie Major appeals from the grant of summary judgment to Allstate Insurance Company on her claim for uninsured motorist coverage benefits under her son's Allstate automobile insurance policy. The record shows that Major was standing behind her son's car when another car hit her.

The issue presented is whether Major is entitled to benefits under uninsured motorist coverage of a policy pertinently defining an insured person as follows: "Persons Insured: (1) You [the named insured] and any resident relative. (2) Any person while in, on, getting into or out of your insured auto with your permission. (3) Any other person who is legally entitled to recover because of bodily injury to you, a resident relative, or an occupant of your insured auto." The record shows the only question is whether Major is entitled to recover under subparagraph (2).

The trial court found there were no cases interpreting language as in subparagraph (2), looked to cases construing "entering into," in the context of personal injury protection coverage (see *Floyd v. J. C. Penney Cas. Ins. Co.*, 193 Ga. App. 350 (387 SE2d 625); *Cole v. New Hampshire Ins. Co.*, 188 Ga. App. 327 (373 SE2d 36), and found there was no coverage because Major was not in the act of entering the vehicle when she was hit. *Held*:

1. Since the policy provides coverage to persons "in, on, getting into or out of" the vehicle as well as persons using the vehicle and guests in the vehicle, the Allstate policy provides broader coverage than that required under our law for this class of persons. See OCGA § 33-7-11 (b) (1) (B): "any person who uses, with the expressed or implied consent of the named insured, the [insured vehicle]" and "a guest in such motor vehicle." Of course, Allstate may provide greater coverage than the law requires. See *Standard &c. Ins. Co. v. Davis*, 145 Ga. App. 147, 152 (243 SE2d 531).

Major contends the trial court erred by granting summary judgment to Allstate because genuine and material factual issues exist

over whether Major was "getting into" the automobile within the meaning of the policy, and also erred by granting summary judgment to Allstate because the policy provision is ambiguous.

We do not find this provision to be ambiguous. Ambiguity is "'duplicity, indistinctness, an uncertainty of meaning or expression.'" *Tarbutton v. Duggan*, 45 Ga. App. 31 (5) (163 SE 298). A word or phrase is ambiguous when "it is of uncertain meaning and may be fairly understood in more ways than one." (Punctuation omitted.) *Kusuma v. Metametrix, Inc.*, 191 Ga. App. 255, 256 (381 SE2d 322). Further, words in a contract have their usual and common meaning. OCGA § 13-2-2 (2); *Griffin v. Adams*, 175 Ga. App. 715, 716 (334 SE2d 42). Therefore, we must look to the usual and common meaning of these words, and not a meaning based upon some extreme or unusual definition. Since "getting" is the present participle of "to get," we must look to the usual and common meaning of "to get into." The test is not what Allstate intended the words to mean, but what a reasonable person would understand them to mean. *Nationwide Mut. Fire Ins. Co. v. Collins*, 136 Ga. App. 671, 675 (222 SE2d 828). In addition to the virtual universal meaning of "get in a car" as putting one's self inside the vehicle, we also found these meanings: "to enter" (Webster's Encyclopedic Unabridged Dictionary of the English Language) or "to make or effect an entrance" (Webster's Third New International Dictionary). Further, "enter" is defined in Webster's New International Dictionary (2d ed.) (unabridged) (1961) as to go into; to pass into the interior of; to pass within the outer cover or shell of. We conclude that it requires direct physical contact between the claimant and the insured vehicle attendant to gaining entry to the vehicle, or the claimant actually having placed a portion of his/her body in the vehicle. While not enunciating a standard, the court in *Cole*, supra, implicitly applied to the facts of that case a standard similar to the one we have set forth today. We note that the act of entering a vehicle is distinguished from the act of approaching the vehicle, as well as from the act of preparing to enter the vehicle." (Citations and punctuation omitted.) *Floyd v. J. C. Penney Cas. Ins. Co.*, supra at 351. Although *Cole* and *Floyd* concern personal injury protection coverage, we see no useful purpose in having two definitions for terms describing the same physical act. Further, we have not found, and Major has not offered, a commonly accepted definition of "to get in" or "getting in" a car which would encompass her activities at the time she was struck, i.e., standing next to the rear corner of the car near the passenger side.

Therefore, the trial court did not err in its interpretation of the contract, and as this is a question of law for the court (OCGA § 13-2-1; *Transamerica Ins. Co. v. Thrift-Mart*, 159 Ga. App. 874, 880 (285 SE2d 566)), the trial court also did not err by not submitting this

issue to the jury.

2. Major also contends the trial court erred by granting summary judgment because issues of fact remain. Examination of the record, however, shows that no issue of material fact exists. There is no question about whether Major was entering or getting into the car because both Major and the driver of her car testified at deposition that they were both standing at the rear of the car after they had placed packages in the trunk. Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Andrews, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur but take into account another aspect of the language in the contract that is not discussed. That is the aspect of time. Contractually there is coverage for "[a]ny person while . . . getting into . . . [the covered vehicle]." The word "while" refers to "a period of time . . .; the time during which an action takes place or a condition exists . . .; the time at which an event takes place. . . ." Webster's Third New International Dictionary (unabridged). So the question is whether Ms. Major was hit and injured while getting into the car.

The rules of construction are somewhat different than applied in *Floyd v. J. C. Penney Cas. Ins. Co.*, 193 Ga. App. 350 (387 SE2d 625) (1989), and in *Cole v. New Hampshire Ins. Co.*, 188 Ga. App. 327 (373 SE2d 36) (1988), because the court was in those cases construing statutory language. Here, the contractual language is "liberally construed in favor of the object to be accomplished and in favor of the insured except when the language is so unmistakably clear and unambiguous as to allow but one meaning." *Raynor v. American Heritage Life Ins. Co.*, 123 Ga. App. 247, 249 (180 SE2d 248) (1971); *Simmons v. Select Ins. Co.*, 183 Ga. App. 128 (2) (358 SE2d 288) (1987).

Nevertheless, even liberal construction could not embrace a finding that Ms. Major was hit "while getting into" the car. Her testimony was that when she was hit she intended "to go into the door to get into the car, but I didn't get there" and that she had closed the trunk door "and then I was fixing to get in on the other side of the car." In her brief she states that she "was preparing to enter" the vehicle. Thus it is without dispute that she was not hit "while" getting into the car; the period of time for that action to occur had not yet commenced.

DECIDED MARCH 12, 1993.

*Crawford & Hinesley, William F. Hinesley III, Robert H. Zip-*

*perer*, for appellant.

*Barrow, Sims, Morrow & Lee, R. Stephen Sims, Stacey L. Ferris-Smith*, for appellee.