TEMAN v TRANSAMERICA INSURANCE COMPANY OF
MICHIGAN

Docket Nos. 61601, 63138. Submitted December 13, 1982, at Lansing.
—Decided February 10, 1983.

Plaintiff, George Teman, brought two actions in the Ingham
Circuit Court against defendants, Transamerica Insurance
Company of Michigan and Wolverine Mutual Insurance Com-
pany, seeking damages under the no-fault insurance act for
injuries sustained while attempting to open the rear trailer
door of a tractor-trailer. The circuit court, Thomas L. Brown, J.,
granted summary judgments in favor of the insurance compa-
nies based upon the failure to state a claim upon which relief
could be granted. Plaintiff appeals from the grant of summary
judgments for Transamerica Insurance Company of Michigan
in each of the actions. The Court of Apepals consolidated the
cases on appeal. *Held:*

1. Plaintiff has stated a claim under the section of the no-
fault insurance act pertaining to injuries sustained while enter-
ing into or alighting from a parked vehicle. The opening of the
door was part of the process of entering into the vehicle.

2. Plaintiff has alleged a sufficient causal connection between
his injury and the use of the vehicle. His allegation that he was
attempting to open the trailer door was a sufficient allegation
of such causal connection for him to maintain the action.

Reversed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment based upon a failure to state a
claim upon which relief can be granted tests the legal suffi-

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 26.
[2] 7 Am Jur 2d, Automobile Insurance §§ 136, 351.
    Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.
[3] 7 Am Jur 2d, Automobile Insurance § 340.
[4] 7 Am Jur 2d, Automobile Insurance §§ 207, 349.
    Risks within "loading and unloading" clause of motor vehicle
    liability insurance policy. 6 ALR4th 686.

ciency of the claim, and not the competence of the evidence or the factual support therefor (GCR 1963, 117.2[1]).

2. INSURANCE — NO-FAULT INSURANCE — OPENING DOORS — PARKED VEHICLES.

The act of opening a door to a vehicle is part of the process of entering into the vehicle for the purpose of stating a claim under the section of the no-fault insurance act pertaining to injuries sustained while entering into or alighting from a parked vehicle (MCL 500.3106[c]; MSA 24.13106[c]).

3. INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES.

A two-tier analysis is used to determine whether accidental bodily injury arises out of the ownership, operation, maintenance, or use of a parked motor vehicle under the no-fault insurance act: first, does the injury fit within one of the exceptions delineated in the act, and, second, is there a causal connection between the injury incurred and the ownership, operation, maintenance, or use of the motor vehicle (MCL 500.3106; MSA 24.13106).

4. INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES — OPENING DOORS.

A plaintiff alleges a sufficient causal connection between his bodily injury and the use of a vehicle for him to maintain an action for such injury under the no-fault insurance provision pertaining to injuries arising from parked vehicles where the plaintiff alleges that he was injured while attempting to open the vehicle door with the intention of unloading the contents of the vehicle (MCL 500.3106[c]; MSA 24.13106[c]).

*Sablich, Ryan, Bobay & Pollok, P.C.* (by *Mark S. Farrell),* for plaintiff.

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.* (by *Charles A. Nelson* and *William J. Braaksma),* for defendant.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and P. J. MARUTIAK,* JJ.

PER CURIAM. Plaintiff-appellant George Teman was injured on June 12, 1980, while attempting to

* Circuit judge, sitting on the Court of Appeals by assignment.

open a rear trailer door of a tractor-trailer. Plaintiff was working as a warehouseman for Meijer Wholesale, Inc. Plaintiff brought suit under the no-fault insurance act, seeking damages under the parked vehicle exception, MCL 500.3106; MSA 24.13106. Plaintiff filed a total of four complaints, the last of which alleged *inter alia* that plaintiff sustained injuries when he was attempting to open the trailer door; that at that time he had one foot on the rear ledge of the trailer; and that plaintiff intended a continuing use of the trailer in that he intended to go in and out of the trailer to unload the contents thereof.

Plaintiff appeals as of right from the grant of summary judgments for the defendant-appellee. Ingham County Circuit Court Judge Thomas L. Brown granted judgments in favor of the defendant-appellee pursuant to GCR 1963, 117.2(1) (failure to state a claim upon which relief can be granted) because plaintiff did not allege that he entered the vehicle.

The plaintiff first raises issues of jurisdiction and the statute of limitations. These issues were apparently decided in favor of the plaintiff at the trial court level, and they need not be discussed here.

The question to be decided by this appeal is whether the plaintiff stated a claim upon which relief could be granted. The appellee moved for summary judgments for failure to state a claim upon which relief can be granted. GCR 1963, 117.2(1). This motion tests the legal sufficiency of the claim, and not the competence of the evidence or the factual support therefor. Bashara, *The Elusive Summary Judgment Rule: Sifting Through the Maze,* 1976 DCL Rev 397, 401.

"A motion under GCR 1963, 117.2(1) is to be tested by

the pleadings alone. The motion tests the legal basis of the complaint, not whether it can be factually supported. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972), *inter alia.* The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. *Sullivan v The Thomas Organization, PC,* 88 Mich App 77, 82; 276 NW2d 522 (1979). Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, a motion made under this subrule should be denied. *Staffney v Fireman's Fund Ins Co,* 91 Mich App 745, 751; 284 NW2d 277 (1979)." *McCallister v Sun Valley Pools, Inc,* 100 Mich App 131, 135; 298 NW2d 687 (1980), *lv den* 411 Mich 905 (1981). See, also, *Escobar v Brent General Hospital,* 106 Mich App 828, 833; 308 NW2d 691 (1981); *Bashara, supra,* pp 401-403.

Plaintiff argues that his injury was sustained while entering into or alighting from the vehicle. MCL 500.3106(c); MSA 24.13106(c). Appellee argues first that since the plaintiff did not allege that he was "entering into" the vehicle, he has not stated a claim for which relief can be granted. However, plaintiff has alleged that he had his foot on the back ledge of the truck and that he was attempting to open the door with the intention of going in and out of the trailer to unload the cargo therein. We are of the opinion that opening the door is part of the process of "entering into" the vehicle. Hence, we are of the opinion that the plaintiff has stated a claim under § 3106(c) of the no-fault insurance act.

Appellee next claims that plaintiff's allegations do not contain a sufficient causal link between the injury incurred and the use of the parked vehicle. There is a two-tier analysis that is generally applicable to § 3106 situations. First, the injury must fit within the exceptions delineated by § 3106. We

have found that plaintiff has stated a claim under § 3106(c). The next step is to determine if there is a causal connection between the injury incurred and the ownership, operation, maintenance, or use of the motor vehicle. *Dowdy v Motorland Ins Co,* 97 Mich App 242; 293 NW2d 782 (1980); *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307; 282 NW2d 301 (1979). Appellee claims that *Dowdy* is controlling in this instance. We disagree. In *Dowdy,* plaintiff had backed his truck carrying steel into an unloading area. As the plaintiff-driver was loosening the chains that held the load on the truck, a bundle of steel that had previously been unloaded from another truck fell from its stacked position and injured the plaintiff. This Court agreed with the trial court that there was no causal connection between the plaintiff's injury and the ownership, operation, maintenance, and use of the motor vehicle.

In the instant case, plaintiff was attempting to open the trailer's door so as to unload the contents of the trailer. This Court stated in *Shinabarger:* "We agree that loading is use of a motor vehicle * * *". 90 Mich App 315. We think that attempting to open the trailer door with the intention of unloading the contents of the trailer is a sufficient allegation of causal connection between the injury and use of the vehicle. The vehicle was more than merely the scene of the accident. It was the plaintiff's attempt to open the door of the trailer as part of the process of entering the vehicle that caused his injuries.

Summary judgment was improper in the instant case. Plaintiff has stated a claim upon which relief can be granted, and he has alleged a sufficient causal connection for him to maintain the action.

Reversed.