HUNT v CITIZENS INSURANCE COMPANY

CITIZENS INSURANCE COMPANY v AMERICAN COMMERCIAL
LIABILITY INSURANCE COMPANY

Docket Nos. 108948, 113313, 113846. Submitted December 18, 1989, at
Detroit. Decided May 8, 1990. Leave to appeal applied for.

James Hunt was injured on January 10, 1986, when, car keys in
one hand and the other hand on the door of an automobile
owned by Sibia McGowan, he was struck by a hit and run
driver. A police report indicated that the hit and run vehicle
was owned by Willie Catching and at the time of the accident
was being operated by Dorothy Catching. On January 6, 1987,
Hunt initiated an action for no-fault benefits in Wayne Circuit
Court against the Assigned Claims Facility, since he was at
that time unaware of the police report identifying the owner
and driver of the hit and run vehicle and Hunt neither owned
a vehicle nor did any member of his household own a vehicle.
On January 9, 1987, Hunt amended his complaint to add
American Commercial Liability Insurance Company, insurer of
the McGowan vehicle, as a defendant. On February 2, 1988,
Hunt again amended his complaint and added Allstate Insur-
ance Company, insurer of the Catching vehicle, as a party
defendant. Citizens Insurance Company was assigned the claim
by the Assigned Claims Facility. American Commercial moved
for summary disposition on the basis that Hunt was merely
preparing to enter the parked vehicle and was not yet subject
to any no-fault coverage under the policy issued to McGowan.
The trial court, Thomas J. Brennan, J., granted American
Commercial's motion for summary disposition. Allstate moved
for summary disposition on the basis that the one-year period
of limitation had run prior to Allstate's being notified of the
accident and the claim. Judge Brennan granted Allstate's
motion and, on Hunt's motion, ordered Citizens to pay the
claim. Citizens paid the claim, and appealed. Hunt cross ap-

REFERENCES

Am Jur 2d, Automobile Insurance §§ 343, 353-355, 369.

What constitutes "entering" or "alighting from" vehicle within
meaning of insurance policy, or state mandating insurance cover-
age. 59 ALR4th 149.

pealed. Citizens then commenced an action for reimbursement against American Commercial and Allstate. Each defendant moved for summary disposition, as did Citizens. The trial court, Thomas J. Brennan, J., granted American Commercial's motion and denied Citizens' motion. Citizens appealed. The trial court, Charles Kaufman, J., acting on behalf of Thomas J. Brennan, J., granted Allstate's motion and denied Citizens'. Citizens appealed. The appeals were consolidated for appellate review.

The Court of Appeals *held:*

1. It was error mandating reversal for the trial court to grant summary disposition in favor of American Commercial, since Hunt's act of placing his hand on the handle of the door of the vehicle with the intent to enter constituted entering the vehicle within the parked vehicle exception of the no-fault act.

2. The Assigned Claims Facility and insurers assigned claims by the Assigned Claims Facility are the insurers of last priority. Accordingly, Citizens is entitled to reimbursement from American Commercial.

3. The trial court properly granted summary disposition in favor of Allstate, since the commencing of the action against the Assigned Claims Facility did not act to toll the one-year period of limitation contained in the no-fault act and Allstate neither had notice of the claim nor was suit commenced against it within the one-year period.

Affirmed in part, reversed in part, and remanded.

1. INSURANCE — NO-FAULT — OPENING DOORS — PARKED VEHICLES.

    The act of opening a door to a vehicle is part of the process of entering into the vehicle for the purpose of stating a claim under the section of the no-fault insurance act pertaining to injuries sustained while entering into or alighting from a parked vehicle (MCL 500.3106[c]; MSA 24.13106[c]).

2. INSURANCE — NO-FAULT — ASSIGNED CLAIMS FACILITY — PRIORITY OF INSURERS.

    The Assigned Claims Facility is essentially an insurer of last priority in the protection scheme created under the no-fault act, since one may seek benefits through the assigned claims plan only if no personal protection insurance is applicable to the injury.

3. LIMITATION OF ACTIONS — UNNAMED DEFENDANTS — LACK OF KNOWLEDGE.

    Commencement of an action against one party does not toll the period of limitation against other potential parties who have not been named as defendants in the action even where the

plaintiff alleges a lack of knowledge of the identity of the unnamed tortfeasor.

*Redisch & Lefkowitz, P.C.* (by *Steven L. Redisch*), for James Hunt.

*Anselmi & Mierzejewski, P.C.* (by *Joseph S. Mierzejewski*), for Citizens Insurance Company.

*Keller & Avadenka, P.C.* (by *Barry F. Keller*), and *O'Dea & Jamnik, P.C.* (by *P. Kelly O'Dea*), for American Commercial Liability Insurance Company.

*Mitchell & Leon* (by *Alan F. Jastrzebski*), and *Nancy L. Bosh,* of Counsel, for Allstate Insurance Company.

Before: DOCTOROFF, P.J., and SHEPHERD and MC-DONALD, JJ.

PER CURIAM. In this consolidated appeal, defendant Citizens Insurance Company, the assignee of the Assigned Claims Facility, appeals as of right the orders of the Wayne Circuit Court which granted summary disposition to codefendants American Commercial Liability Insurance Company and Allstate Insurance Company and which also required Citizens to pay benefits to claimant James Hunt (Docket No. 108948). In that same appeal, Hunt cross appeals the trial court's grant of summary disposition to American Commercial and Allstate. In Docket Nos. 113313 and 113846, Citizens appeals as of right the subsequent grant of summary disposition to American Commercial and Allstate in Citizens' action for reimbursement. We reverse as to American Commercial, affirm as to Allstate, and remand for an order consistent with this opinion.

The facts of the underlying accident are not in dispute. On January 10, 1986, claimant Hunt walked to the corner of Linwood and Virginia Park in Detroit, where the car owned by his friend, Sibia McGowan, was parked. Hunt had the car keys in his hand and his left hand on the car door when he was struck by another vehicle. A police report named Dorothy Catching as the driver of the hit and run vehicle which was owned by Willie Catching and insured by Allstate. American Commercial was the no-fault insurer of McGowan's vehicle. On the day of the accident, Hunt did not own a vehicle, nor did any member of his household own a vehicle.

On January 6, 1987, Hunt initiated an action against the Assigned Claims Facility. On January 9, 1987, Hunt amended his complaint to add American Commercial; and, on February 2, 1988, Hunt added Allstate. Hunt alleged that both American Commercial and Allstate refused to pay benefits. Citizens paid benefits to Hunt and filed an action for reimbursement. The trial court found that, because Hunt was only preparing to enter the vehicle, American Commercial was not liable for benefits and that Citizens was not entitled to reimbursement from American Commercial. The trial court also found that, because Allstate had not received timely notice of the accident as required by the statute, it was not liable for benefits and that Citizens was not entitled to reimbursement from Allstate.

Citizens and Hunt claim that the trial court erred in finding that Hunt was only preparing to enter the vehicle. We agree.

In order to recover no-fault benefits for injuries sustained in connection with a parked vehicle, a claimant must suffer injuries falling within one of the categories enumerated in § 3106 of the no-fault

act, MCL 500.3106; MSA 24.13106. *King v Aetna Casualty & Surety Co,* 118 Mich App 648, 650; 325 NW2d 528 (1982). Section 3106 provides in pertinent part:

> (1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:
>
> * * *
>
> (c) . . . the injury was sustained by a person while occupying, entering into, or alighting from the vehicle.

In *King,* this Court held that a claimant who slipped and fell on the ice while reaching to unlock his car door was only preparing the enter the vehicle. However, in *Teman v Transamerica Ins Co of Michigan,* 123 Mich App 262, 265; 333 NW2d 244 (1983), this Court held that a claimant who had his foot on the back ledge of a truck while attempting to open the door to enter was in the process of entering into the vehicle.

While the line between *King* and *Teman* is admittedly a fine one, we conclude that this case, where claimant had car keys in his hand and his left hand on the car door, is similar to *Teman* and that Hunt was in the process of entering into the vehicle. Further, we conclude that being struck by another vehicle is foreseeably identifiable with the act of entering a vehicle which is parked in the street. There is a sufficient causal nexus between the use of the motor vehicle and the injury so that the injuries arose out of the ownership, operation, maintenance or use of a parked vehicle as required by MCL 500.3105(1); MSA 24.13105(1). *Gooden v Transamerica Ins Corp of America,* 166 Mich App 793, 797; 420 NW2d 877 (1988), lv den

431 Mich 862 (1988); *Teman, supra,* p 266; *King, supra,* p 651.

MCL 500.3115(1); MSA 24.13115(1) governs priority for nonoccupants. *Cason v Auto Owners Ins Co,* 181 Mich App 600, 606; 450 NW2d 6 (1989). Section 3115(1) states in pertinent part:

> [A] person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following priority:
> (a) Insurers of owners or registrants of motor vehicles involved in the accident.

Under the no-fault act, a vehicle which falls within one of the parked vehicle exceptions of MCL 500.3106; MSA 24.13106 is "involved in the accident." *Childs v American Commercial Liability Ins Co,* 177 Mich App 589, 592; 443 NW2d 173 (1989), lv den 433 Mich 897 (1989). Because we conclude that claimant Hunt was injured while entering McGowan's vehicle, American Commercial, the insurer of that vehicle, is liable for Hunt's personal protection insurance benefits.

Under the no-fault act, the Assigned Claims Facility is essentially an insurer of last priority. *Cason, supra,* p 610; MCL 500.3172; MSA 24.13172. A person entitled to no-fault benefits may obtain them through an assigned claims plan if no personal protection insurance is applicable to the injury. *Parks v DAIIE,* 426 Mich 191, 210; 393 NW2d 833 (1986); MCL 500.3172(1); MSA 24.13172(1).

It follows from our analysis of American Commercial's liability that Citizens is entitled to reimbursement from American Commercial. MCL 500.3172(3)(f); MSA 24.13172(3)(f). We emphasize that American Commercial is liable because Hunt

was actually in contact with the vehicle and, thus, was not merely preparing to enter the vehicle.

Addressing Allstate's liability, Citizens and Hunt argue that, even though Allstate was not named as defendant within the one-year limitation period of the no-fault act, the limitation period was tolled as to Allstate because Hunt's claim naming the Assigned Claims Facility was filed within one year. We disagree.

The one-year period of limitation of the no-fault act is found in MCL 500.3145(1); MSA 24.13145(1), which states in pertinent part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

This Court has expressly held that when an action is commenced against one party the § 3145 period of limitation is not tolled as to other potential parties who may not have been named as defendants in the suit. *Taulbee v Mosley,* 127 Mich App 45, 47-48; 338 NW2d 547 (1983). The fact that Hunt, in the exercise of due diligence, could not or did not identify Allstate as the appropriate insurer is not enough to toll the period of limitation as to Allstate. *Pendergast v American Fidelity Fire Ins Co,* 118 Mich App 838, 841-843; 325 NW2d 602 (1982). Finally, Hunt has not alleged any of the disabilities which would toll the period of limitation pursuant to MCL 600.5851; MSA 27A.5851. Hence, the trial court correctly granted summary disposition to Allstate.

Reversed in part, affirmed in part and remanded for entry of an order consistent with this opinion. We do not retain jurisdiction.