ANSARA v STATE FARM INSURANCE COMPANY

Docket No. 157737. Submitted September 13, 1994, at Detroit. Decided October 17, 1994, at 9:40 A.M.

Albert Ansara brought an action in the Oakland Circuit Court against State Farm Insurance Company, his no-fault insurer, seeking first-party benefits relating to a fractured ankle. The plaintiff had started his car, switched on its air conditioner, got out of the car, left the driver's door open, walked around the car to open the front passenger door to help his wife secure their grandson in a car seat, helped his wife get in the car and close the passenger door, walked around the rear of the car, stepped on a stone or debris, sustained the fracture one foot away from the car, broke a fall by hanging onto the car, and sat in the car after the injury. The court, Robert L. Templin, J., granted summary disposition for the defendant, ruling that the plaintiff was not entering into the parked vehicle at the time of the injury so as to satisfy an exception to the parked vehicle exclusion of the no-fault act, MCL 500.3106(c); MSA 24.13106(c). The plaintiff appealed.

The Court of Appeals *held:*

This case is factually similar to *Hunt v Citizens Ins Co,* 193 Mich App 668 (1990), where it was determined that the plaintiff was entering into a car when, car keys in hand and hand on the car's door, he was struck by another car.

Reversed and remanded.

SAWYER, P.J., dissenting, stated that this case is closer factually to *King v Aetna Casualty & Surety Co,* 118 Mich App 648 (1982), where it was determined that the plaintiff was not entering into a car when he slipped and fell on ice as he reached to unlock a car door with his hand approximately two inches away from the car.

*Jacob S. Ghannam,* for the plaintiff.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Melanie T. Frazier),* for the defendant.

Before: SAWYER, P.J., and FITZGERALD and T. S.
EVELAND,* JJ.

FITZGERALD, J. Plaintiff appeals from an order of
the circuit court granting summary disposition in
favor of defendant pursuant to MCR 2.116(C)(10)
on plaintiff's claim for first-party no-fault insur-
ance benefits. We reverse.

According to plaintiff, he was injured when he
was proceeding to reenter his vehicle after assist-
ing his wife into the vehicle. Specifically, plaintiff
states that he had entered his car, started it, and
switched on the air conditioner. He then got out of
the vehicle, leaving the driver's side door open,
and walked around the car to open the front
passenger door and to assist his wife in securing
their grandson in a child-restraint device. He also
assisted his wife in entering the car and closing
the passenger door. Plaintiff then walked around
the rear of the car and, while approaching the
driver's side door to again enter the vehicle, he
stepped upon a stone or other debris, resulting in a
fracture of his ankle. Plaintiff states that he was
approximately one foot away from the driver's seat
at the time of the injury, that he caught himself
on the car and sat on the car seat after the injury.

On appeal, plaintiff argues that the trial court
erred in concluding that there was no genuine
issue of material fact that plaintiff was not enter-
ing into a motor vehicle at the time of his injury
under MCL 500.3106(c); MSA 24.13106(c).[1] We
agree. The distinction to be drawn in this case is,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Section 3106 provides in pertinent part:

   (1) Accidental bodily injury does not arise out of the owner-
ship, operation, maintenance, or use of a parked vehicle as a
motor vehicle unless any of the following occur:

                    * * *

we believe, that posed between *King v Aetna Casualty & Surety Co,* 118 Mich App 648; 325 NW2d 528 (1982), and *Hunt v Citizens Ins Co,* 183 Mich App 660; 455 NW2d 384 (1990). In *King,* this Court concluded that the plaintiff was not entering a motor vehicle when he slipped on ice as he was reaching to unlock the car door, with his hand approximately two inches away from the car at the time of the fall. In *Hunt,* on the other hand, this Court concluded that the plaintiff was in the process of entering a motor vehicle when struck by another vehicle where he had his car keys in his hand and his left hand was on the car door. This Court concluded that there was a sufficient nexus between the use of the vehicle and the injury to give rise to coverage. *Id.* at 664. The case at bar is closer factually to *Hunt* than it is to *King.* Accordingly, the trial court erred in granting summary disposition in favor of defendant.

Reversed and remanded. We do not retain jurisdiction.

T. S. EVELAND, J., concurred.

SAWYER, P.J. *(dissenting).* I respectfully dissent.

I believe that this case is closer factually to *King v Aetna Casualty & Surety Co,* 118 Mich App 648; 325 NW2d 528 (1982), than to *Hunt v Citizens Ins Co,* 183 Mich App 660; 455 NW2d 384 (1990). Accordingly, I would affirm the grant of summary disposition.

_____

(c) . . . the injury was sustained by a person while occupying, entering into, or alighting from the vehicle.