Wayne Cook sued Eunice Anderson Bright and Aetna Insurance Company, seeking recovery for injuries he suffered when he was struck by an automobile driven by Bright, an uninsured motorist. Cook alleged that he was an "insured" under the Aetna policy issued to Hagler Construction Company, his employer. The Aetna automobile insurance policy provided uninsured motorist coverage. Cook's complaint alleged negligence or wantonness against Bright and demanded benefits from Aetna under the uninsured motorist insurance provisions of its policy. The trial court entered a summary judgment for Aetna and made that judgment final pursuant to Rule 54(b), Ala.R.Civ.P. Cook appeals.
On a motion for a summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact), and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.;Mills v. Bruno's, Inc., 641 So.2d 777 (Ala. 1994); McClendon v.Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala. 1992); Elgin v. Alfa Corp., 598 So.2d 807, 810 (Ala. 1992);Gillion v. Alabama Forestry Ass'n, 597 So.2d 1315, 1319 (Ala. 1992); Maharry v. City of Gadsden, 587 So.2d 966, 968 (Ala. 1991); Campbell v. Southern Roof Deck Applicators, Inc.,406 So.2d 910, 913 (Ala. 1981); Butler v. Michigan Mut. Ins. Co.,402 So.2d 949, 951 (Ala. 1981). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." Mills, supra, at 778 (quoting McClendon, supra, at 958); see Elgin, supra, at 810-11; Gillion, supra, at 1319; Maharry, supra, at 968.
In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Mills, supra; Hanners v. BalfourGuthrie, Inc., 564 So.2d 412, 413 (Ala. 1990); Turner v.Systems Fuel, Inc., 475 So.2d 539, 541 (Ala. 1985); Ryan v.Charles Townsend Ford, Inc., 409 So.2d 784 (Ala. 1981).
An insurance contract must be construed liberally in favor of the insured and strictly against the insurer. Tyler v.Insurance Co. of North America, 331 So.2d 641 (Ala. 1976). Exclusions are to be interpreted as narrowly as possible, so as to provide maximum coverage for the insured, and are to be construed most strongly against the insurance company that drafted and issued the policy. Alliance Ins. Co. v. Reynolds,494 So.2d 609 (Ala. 1986); Employers Ins. Co. of Alabama v.Jeff Gin Co., 378 So.2d 693 (Ala. 1979). However, where no ambiguity exists, the contract will be enforced as written.Cannon v. State Farm Mut. Auto. Ins. Co., 590 So.2d 191 (Ala. 1991).
The sole issue on appeal is whether the trial court properly determined that, as a matter of law, Cook was not an "insured" under Hagler Construction's insurance policy. The policy provides: *Page 1171 
 "We will pay all sums the 'insured' is legally entitled to recover as damages from the owner or driver of an 'uninsured motor vehicle.' The damages must result from 'bodily injury' sustained by the 'insured' caused by an 'accident.' The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the 'uninsured motor vehicle.' "
The uninsured motorist provisions in the policy define an "insured" as "[a]nyone else 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto.' " The policy defines "occupying" as "in, upon, getting in, on, out or off." The question is whether Wayne Cook was "occupying" a Hagler Construction truck at the time of the accident, so as to be covered by the Aetna policy. There is no dispute that he was not "in" or "upon" the truck and that he was not getting on, out of, or off the vehicle. The only remaining question is whether Cook was "getting in" the truck at the time of his accident. Under the undisputed facts, we must conclude that he was not.
The evidence, viewed in the light most favorable to Cook, establishes the following facts: Cook was an inmate in the Demopolis city jail. Through a work release program, he was allowed to leave the jail and work as a welder for Hagler Construction Company. Because Cook was not provided with his own transportation, Thereon Martin Hagler, the owner of Hagler Construction Company, or one of his employees, would pick Cook up each morning in the parking area in front of the Demopolis jail. Before he was picked up, Cook was allowed to cross the street and go to a convenience store and purchase coffee for his vacuum bottle. From there he would cross the street and get into the Hagler Construction truck.
On January 15, 1993, Cook left the jail and walked across the street to get coffee at the convenience store. His jacket and lunch box were still in the Demopolis Police Department building. After getting the coffee, Cook noticed that Hagler was waiting in the parking area in front of the Police Department building to take Cook to work. Cook crossed the street and when he was about a foot from Hagler's vehicle, he was struck by a vehicle operated by Eunice Anderson Bright. His jacket and lunch box were still in the Police Department building when the accident occurred.
Cook contends that a jury could find that he was "getting in" the truck at the time of the accident; therefore, he contends, the summary judgment was improperly entered. We disagree; we see no fact question requiring resolution by a jury. Viewing all the facts in Cook's favor, we conclude that a reasonable person could not find that he was "getting in" the Hagler Construction truck. The best evidence in his favor has him at least a foot away from the vehicle, and the evidence is clear that he was not approaching the vehicle to "get in" it. The evidence indicates that he first would have entered the Police Department building to retrieve his lunch box and coat and that he then would have returned to "get in" the vehicle.
Whether one is an "insured" under a policy of insurance can be either a matter of fact or a matter of law. It becomes a matter of law here, because the facts, viewed as favorably as possible for Cook, who is claiming to be an "insured" as defined by the policy, show that he was not "getting in" an insured vehicle.
The parties agree, and our research supports the conclusion, that no Alabama case has passed upon the question of when a person is "getting in" a motor vehicle. However, several other states have dealt with that question.
The Connecticut Supreme Court, from which this Court adopted its definition of "alighting from" in similar cases,[1] held inTestone v. Allstate Ins. Co., 165 Conn. 126, 328 A.2d 686
(1973), that the act of approaching the door of an automobile with the intent to enter is not equivalent to the act of entering. In Testone, the plaintiff went from the passenger's side of a vehicle to the driver's side of the same vehicle, and, when he was two or three feet from the vehicle, he was struck by an uninsured vehicle. Allstate Insurance Company provided uninsured motorist coverage for anyone "occupying" the vehicle. The Connecticut Supreme Court applied *Page 1172 
the following test to determine whether the plaintiff was entering the vehicle:
 "While the plaintiff was adjacent to the . . . vehicle with the intention of entering it, intent to enter a vehicle alone is not 'entering' a vehicle within the meaning of the insurance policy. Although there was evidence . . . to show that the plaintiff was approaching the driver's door of the [insured automobile], the act of approaching is not the equivalent of the act of entering. Consequently, the plaintiff does not come within the uninsured motorist coverage of the Allstate policy insuring the . . . vehicle, since he was not in or upon or entering the vehicle but was, according to the most favorable evidence . . . two or three feet from the vehicle when it was struck."
165 Conn. at 134, 328 A.2d at 691 (citations omitted).
In Gleason v. Merchants Mutual Insurance Co., 589 F. Supp. 1474
(D.R.I. 1984), the United States District Court addressed this same question. The plaintiff was four or five feet from the door of her automobile when an oncoming vehicle driven by an uninsured motorist narrowly missed her. The plaintiff, who was pregnant at the time, claimed that the near miss caused her to deliver a premature baby that suffered from prenatal injuries. The plaintiff claimed that the uninsured motorist provisions of the policy covering the automobile that she was about to enter should cover her medical expenses and pain and suffering. The insurance policy defined "occupying" as "in, upon, getting in, on, out, or off." The court held that, where the plaintiff was four or five steps from the parked vehicle when the accident occurred, she was not "getting in" the vehicle, within the policy definition of "occupying." The court, after finding no ambiguity in the insurance language, stated that the plaintiff was trying to equate "getting in" the vehicle with "approaching" the vehicle, which, the court said, would require a "judge-made redrafting of the policy."589 F. Supp. at 1480. In reaching its holding that there was no coverage, the Gleason court stated:
 "If 'getting in' means, as [the plaintiff] says, 'approaching,' then it must mean 'approaching with the intention of entering.' This would, in turn, lead to a pass where the putative insured's subjective intentions would govern. True, she was but four or five feet away at the time; but, to carry her argument to its inevitable extreme, coverage would inhere on the same rationale if she was fifty feet away, a mile or two away, a continent away — so long as she claimed to be en route to her car. That would be an absurd and inequitable extension of coverage and would grotesquely deform the scope of the policy's embrace."
589 F. Supp. at 1482.
The Court of Appeals of Georgia recently had a similar clause before it in the case of Major v. Allstate Ins. Co.,207 Ga. App. 805, 429 S.E.2d 172 (1993). There the plaintiff was standing behind her son's car when another car hit her. She claimed that she was entitled to uninsured motorist benefits under a policy issued by Allstate, because, she claimed, she was "getting into" the car when she was hit. The policy at issue provided coverage to persons "in, on, getting into or out of' the vehicle. After concluding that the policy provision was unambiguous, the court stated:
 "[W]e must look to the usual and common meaning of these words, and not one based upon some extreme or unusual definition. Since 'getting' is the present participle of 'to get,' we must look to the usual and common meaning of 'to get into.' The test is not what Allstate intended the words to mean, but what a reasonable person would understand them to mean. In addition to the [virtually] universal meaning of 'get in a car' as putting one's self inside the vehicle, we also found these meanings: 'to enter' (Webster's Encyclopedic Unabridged Dictionary of the English Language) or 'to make or effect an entrance' (Webster's Third New International Dictionary). Further, 'enter' is defined in Webster's New International Dictionary (2d ed.) (unabridged) (1961) as to go into; to pass into the interior of; to pass within the outer cover or shell of. We conclude that it requires direct physical contact between the claimant and the insured vehicle attendant to gaining entry to the vehicle, *Page 1173 
or the claimant actually having placed a portion of his/her body within the vehicle. . . . We note that the act of entering a vehicle is distinguishable from the act of approaching the vehicle, as well as from the act of preparing to enter the vehicle."
207 Ga. App. at 806, 429 S.E.2d at 173 (some citations omitted).
While we do not believe that Alabama should adopt a rigid requirement of physical contact, we agree with the authorities cited above that the act of "getting in" or entering a vehicle must be distinguished from approaching the vehicle, as well as from the act of preparing to enter the vehicle. We cannot agree that the term "getting in" as used in the Aetna policy is doubtful in meaning. Viewed in its context and applied to the facts of this case, the term "getting in" is plain and unambiguous. Hence, the question in this case must be decided according to the plain and common meaning of that term. As stated by the Georgia Court of Appeals in Major, the plain and common meaning of that term is coming or going into, passing into the interior of — obviously meaning going or moving into. "Getting into," we therefore conclude, is an affirmative act or movement to effect an entrance into an automobile.
Applying these definitions to the present situation, we hold that Cook was not "getting into" the Hagler Construction vehicle when his injury occurred. It is clear that he had not completed his approach to the truck, that he had not crossed the plane or threshold of the truck's door, and that he had not made contact with the truck's door when the accident occurred. Also, it is undisputed that Cook's jacket and lunch box were still inside the Demopolis Police Department building when he was struck by Bright's vehicle, and there was testimony that he never left for work without these items. The most that can be said for this activity is that he was approaching the vehicle.
Cook cites two recent Michigan cases for the proposition that he was "getting into" the Hagler Construction vehicle. SeeAnsara v. State Farm Ins. Co., 207 Mich. App. 320,523 N.W.2d 899 (1994); Hunt v. Citizens Ins. Co., 183 Mich. App. 660,455 N.W.2d 384 (1990). In Ansara, the plaintiff claimed that he was injured when he was proceeding to reenter his vehicle after assisting his wife into the vehicle. The plaintiff stated that he had entered the car, started it, and switched on the air conditioner. Then, he said, he got out of the vehicle, leaving the driver's door open, and walked around the car to open the front passenger door and assist his wife in securing their grandson in a child restraint device. He said he also assisted his wife in entering the car and closing the passenger door. He said he then walked around the rear of the car and that, while he was approaching the driver's door to again enter the vehicle, he stepped upon a stone or other debris, and fractured his ankle. The plaintiff stated that he was approximately one foot from the driver's seat at the time of the injury and that he caught himself on the car and sat on the car seat after the injury. The Michigan Court of Appeals held that a genuine issue of fact existed as to whether the plaintiff was "entering into" his parked automobile at the time of his injury. In Hunt, the same court concluded that the plaintiff was in the process of "entering" a motor vehicle when he was struck by another vehicle, where the evidence indicated that he had his car keys in his hand and had his left hand on the car door.
While the line between these cases and the present situation is a fine one, we note that in both Ansara and Hunt the plaintiff had completed his approach to the vehicle, that he was not coming to it with the purpose of entering it, but had reached it and had taken steps necessary to get in it. In this case the evidence indicates that Cook was approaching the truck and was close to it; however, Cook presented no substantial evidence that he was "getting in" the Hagler Construction truck within the plain meaning of that term. Thus, he did not rebut Aetna's prima facie showing in support of its summary judgment motion. Accordingly, the summary judgment is affirmed.
AFFIRMED.
HOUSTON, KENNEDY, INGRAM, and COOK, JJ., concur.
BUTTS, J., dissents.
[1] Tyler v. Insurance Co. of North America, Inc., 331 So.2d 641
(Ala. 1976). *Page 1174