Marilyn Kelly, J.
(dissenting). I dissent from the majority’s decision to reverse the judgment of the Court of Appeals. In my view, plaintiff was “alighting” from her vehicle within the meaning of MCL 500.3106(l)(c) when she was injured. Thus, the trial court correctly denied defendant’s motion for a directed verdict on this issue. Because the Court of Appeals properly affirmed that decision, I would deny defendant’s application for leave to appeal.
As correctly noted by the majority, the issue in this case is whether defendant is liable to plaintiff for personal protection insurance benefits under the no- *388 fault act.[1] MCL 500.3105(1) provides that an insurer must pay its insured’s expenses incurred for accidental injuries arising out of the ownership, operation, or use of a motor vehicle. However, if injuries occur when a vehicle is parked, the insurer is liable in only three situations: (1) when the vehicle was parked in such a way as to cause unreasonable risk of the injury, (2) when the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, or (3) when the injury was sustained while the insured was occupying, entering into, or alighting from the vehicle.[2]
In this case, there was sufficient evidence from which a reasonable juror could conclude that plaintiff satisfied the third exception. A jury could have concluded that plaintiff was alighting from her vehicle when she was injured. Evidence of this was produced during the direct examination of plaintiff:
Q. So you left your apartment, you headed to your car, then what happened?
A. I opened up my passenger door to put my coffee mug, purse and work bag in there, stepped aside to close the car door and that’s when I fell.
Q. What were you doing when you fell specifically?
A. I was closing the car door.
Q. Were you touching the car door?
A. Absolutely.
Q. Are you sure about that?
A. Positive.
Plaintiff also described her accident on cross-examination:
*389 Q. As you approached your car, what were you carrying?
A. I was carrying a purse, coffee mug and a work bag.
Q. Did you have your keys on you?
A. Yes, I did.
Q. What hand were your keys in?
A. My left hand.
Q. What did you do next?
A. I opened the car door.
Q. Which hand did you open the car door with?
A. My right hand.
Q. Then what did you do?
A. I put my book bag, my purse and my coffe [sic] mug into my vehicle.
Q. At that point did you come back out of the vehicle?
A. Yes, I did.
Q. So you were completely out of the vehicle at that point?
A. Yes.
Q. Feet were on the ground?
A. Yes, they were.
Q. What happened next?
A. I stepped out of the way—
Q. When you say stepped out of the way, what do you mean?
A. I stepped out of the way to give my door room to close.
Q. So when you were positioned — where were you positioned along the side of the car?
A. Far enough away to shut my door.
Q. Kind of right where the door would end up shutting? You know, where the door meets the actual car, right at the end of the door?
*390 A. You know, a body’s length away from that. I didn’t want to shut the door on myself.
Q. So your shoulders — your back was to the car then, right?
A. Exactly.
Q. What hand did you shut your door with?
A. My left hand.
Q. So your back — the car is behind you, right?
A. Correct.
Q. You’re shutting the door with your left hand?
A. Right.
Q. Now, then what happened?
A. Then I fell.
In Krueger v Lumbermen’s Mut Cas Co,[3] the Court of Appeals considered the meaning of the statutory phrase “alighting from the vehicle” in MCL 500.3106(1)(c). The Court noted that there is no statutory definition of the term “alighting” and that there was no caselaw on point. It nonetheless concluded that, “[although it is unnecessary to attempt a complete definition of the term at this time, we are convinced that an individual has not finished ‘alighting’ from a vehicle at least until both feet are planted firmly on the ground.”[4]
The majority selectively quotes Krueger, claiming the case establishes that the alighting process is typically finished when “ ‘both feet are planted firmly on the ground.’ ”[5] The majority then summarily concludes that because plaintiffs feet were on the ground outside *391 her vehicle, she had already completed the alighting process when she fell. Therefore, it reasons, her injuries do not fall within the scope of MCL 500.3106(1)(c).
As noted, Krueger’s holding is not as straightforward as the majority posits. Rather, a careful reading reveals that Krueger held that alighting from a vehicle extends at least to the point at which a person has both feet on the ground. This is consistent with the dictionary’s definition of “alight” as to “descend from a vehicle, etc.” and “to settle or stay after descending; come to rest.”[6]
It follows that alighting from a vehicle is a process that may or may not be complete when a person has both feet on the ground.[7] Indeed, as the Court of Appeals noted, a person could be nearly completely inside a vehicle, yet have placed his or her feet outside the vehicle on the ground. That person could not be said to have alighted. Krueger’s holding makes perfect sense given that no temporal limitation on the alighting process is found in the statutory language. And it is also consistent with the underlying policy of the parked-motor-vehicle exclusion of MCL 500.3106(1): to ensure that an injury that is covered by the no-fault act involves the use of the parked motor vehicle as a motor vehicle.[8]
*392 Similarly, in Hunt v Citizens Ins Co [9] the Court of Appeals recognized that an individual may have both feet on the ground while in the process of entering— and, by analogy, alighting from — a vehicle. The Court expressly held that an injury sustained during that process may be compensable under the no-fault act.[10] Likewise, in Teman v Transamerica Ins Co,[11] the Court of Appeals held that opening a vehicle door is part of the process of entering a vehicle for purposes of MCL 500.3106(l)(c). If opening a vehicle door is part of the entering process, it follows that closing a door can be and usually is part of the alighting process.
In this case, plaintiff testified that before she fell, she had partly entered her car to place her mug, purse, and work bag inside. She was completing the act of alighting from the car by shutting the door when she fell. It appears that plaintiffs efforts to close her car door caused her feet to slide out from underneath her on the icy parking lot. She could not have completed the process of alighting from the vehicle and moved to the driver’s side without closing the passenger door. If she had fallen while walking to the driver’s side, it could not be said that she was hurt while entering or alighting from the vehicle. By contrast, opening or closing the car door is a function of entering or alighting from the vehicle.
There was sufficient evidence for the jury to have concluded as it did that plaintiff was alighting from her vehicle when she was injured and that she is entitled to no-fault benefits. The majority misreads and ignores the long-established precedent of Krueger and its prog *393 eny when it concludes that the alighting process is complete whenever a person’s feet are on the ground.
For these reasons, I dissent from the decision to reverse the judgment of the Court of Appeals and would deny defendant’s application for leave to appeal.
CAVANAGH, J., concurred with MARILYN KELLY, J.

 MCL 500.3101 et seq.

 See MCL 500.3106(1)(a), (b), and (c).

 Krueger v Lumbermen’s Mut Cas Co, 112 Mich App 511; 316 NW2d 474 (1982).

 Id. at 515 (emphasis added).

 Ante at 386, quoting Krueger, 112 Mich App at 515.

 Random House Webster’s College Dictionary (2001).

 See also Burks v Kimbrough, unpublished opinion per curiam of the Court of Appeals, issued August 4, 2009 (Docket No. 282229), p 3 (“[W]e decline [the defendant’s] invitation to interpret Krueger as creating a bright-line rule precluding coverage under [MCL 500.3106(1)(c)] whenever a claimant has ‘two feet... planted firmly on the ground.’ As we have observed, this Court in Krueger expressly refrained from ‘attempting] a complete definition’ of the term ‘alighting’ and explained only that the process was incomplete ‘at least’ until both feet firmly contacted the ground.”).

 See Putkamer v Transamerica Ins Corp of America, 454 Mich 626, 633; 563 NW2d 683 (1997).

 Hunt v Citizens Ins Co, 183 Mich App 660; 455 NW2d 384 (1990).

 Id. at 664.

 Teman v Transamerica Ins Co of Mich, 123 Mich App 262, 265; 333 NW2d 244 (1983).