[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12063
Non-Argument Calendar
_____

D. C. Docket No. 5:08-cv-01223-KOB


ARGONAUT GREAT CENTRAL
INSURANCE COMPANY,
An insurance company incorporated
in the State of Illinois,

Plaintiff-Appellant,

versus

PAUL MITCHELL,
Co-Personal Representative of the Estate of
Scott Alan Mitchell, deceased,
FREE MITCHELL,
Co-Personal Representative of the Estate of
Scott Alan Mitchell, deceased,
et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 20, 2012)

Before HULL, PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Argonaut Great Central Insurance Company ("Argonaut") brought a declaratory judgment action against the personal representatives of the estate of Scott Alan Mitchell.  The action sought a declaration that Mitchell was no insured for uninsured/underinsured motorist coverage under a policy issued by Argonaut (the "Policy") to Mitchell's employer, the Madison County Commission.  Both parties filed motions for summary judgment; the district court denied Argonaut's motion and granted summary judgment in favor of Mitchell's estate.  No reversible error has been shown; we affirm the judgment.

In 2008, Mitchell was collecting garbage in Madison County.  The garbage truck was driven by Brian Brooks; Mitchell was the helper.  In that capacity, Mitchell was required to ride on the back of the truck, get off at each stop to get the cans and empty them into the back of the truck and to stand on the platform on the right rear side of the truck when necessary to run the packer.  In the course of performing his job duties, Mitchell was struck from behind by a passenger car and

2

pinned against the right rear platform of the garbage truck.  Mitchell died from his injuries.

The Policy, in relevant part, defined "Insured" as "anyone ... 'occupying'" a covered vehicle.  The provision of the Policy applicable to uninsured/underinsured motorist coverage defined "occupying" as "in, upon, getting in, on, or off."  The issue at the heart of this appeal is whether Mitchell was "occupying" the garbage truck -- getting on or getting off -- at the time of the accident.

The facts presented by both sides are in conflict about precisely where Mitchell was when he was struck by the passenger car.  Argonaut asserts that testimony shows that Mitchell was off the truck for eight to twelve seconds or more, standing on the ground at the left rear or at the middle of the rear of the garbage truck at the time of impact.  Mitchell's estate asserts that testimony shows that Mitchell's feet were on the ground at the rear of the truck a mere split second before he was struck; he was in the process of ascending or descending the truck platform.  Because conflicting evidence existed on the factual question of whether Mitchell was in the act of getting on or off the garbage truck at the time of impact, the magistrate judge recommended that both motions for summary judgment be denied.  After examining Alabama case law on what constitutes "occupying" for

3

purposes of uninsured/underinsured motorist coverage, the district court concluded that this conflict in the evidence was immaterial.

Two Alabama cases address the term "occupying" when that term is defined as it is defined in the Argonaut policy. See Lambert v. Coregis Ins. Co., 950 So.2d 1156 ) (Ala. 2006) and Cook v. Aetna Ins. Co., 661 So.2d 1169 (Ala. 1995). In both cases, the Alabama Supreme Court concluded that "occupying" as used in the Argonaut policy was not ambiguous. See Lambert, 950 So.2d at 1162-64; Cook, 661 So.2d at 1173. The facts of these cases are distinguishable: Lambert examined whether the claimant was "on" or "upon" the insured vehicle; Cook examined whether the claimant was "getting in" the insured vehicle. As such, these cases provide guidance -- but do not control -- the instant case which turns on the meaning of "getting on" and "getting off" the insured vehicle.

We know from Cook that "occupy" imposes no "rigid requirement of physical contact" between the claimant and the insured vehicle. Cook, 661 So.2d. at 1173. And we know from Lambert that "Alabama has not adopted a specific test under which to examine the phrase 'in, upon, getting in, on, out or off' ... to determine whether a person is 'occupying' a vehicle in the context of the insurance agreement." Lambert, 950 So. 2d at 1160. The Alabama Supreme Court noted that other jurisdictions had adopted specific tests:

4

These tests include requiring the person injured to be 'vehicle oriented,' requiring the person to be in close proximity to the insured vehicle, and requiring actual physical contact with the vehicle. The majority of jurisdictions hold that the meaning of the term 'occupying' must be determined on a case-by-case basis, depending on the facts of the accident and the use of the vehicle, and that there must always be some causal connection between the injuries and the use of the vehicle.

Id. at 1160-61. Although the Alabama Supreme Court did not take the occasion to adopt any of these tests -- the physical contact requirement had been rejected in Cook -- the Court, in Lambert, did observe that the plaintiff met none of the listed tests; that no causal connection between injuries suffered and use of the vehicle had been shown; and that the plaintiff was not vehicle oriented at the time of impact because he was engaged in no activity essential to the use of the insured vehicle. Id. at 1161.

As more fully set out in the district court's opinion, the undisputed material facts show -- and Argonaut concedes -- a causal connection exists between Mitchell's use of the insured truck and the accident. But for Mitchell's use of the truck to fulfill his employment responsibilities he would not have been at the rear of the truck at the time he was struck.

The intended use of the sanitation truck was to collect garbage along the route. Argonaut knew it was insuring a sanitation truck. And Mitchell's use of

5

that truck -- including his repeatedly getting on and getting off of the truck -- was an expected (indeed, required) use of that truck. As the district court observed, the term "occupying" as defined in the policy should be given a more expansive reading in the context of a sanitation truck than might otherwise apply in the context of a passenger car.

While the facts are disputed about precisely where Mitchell stood just before impact, the undisputed material facts show that Mitchell was "vehicle oriented" when struck: he was facing the rear of the truck, standing in close proximity to the truck, and engaging in acts essential to the use of the sanitation truck.

After a thorough review of the record and Alabama precedent, the district court reached this conclusion:

> Taking into account the use of the insured vehicle, the causal connection between that use and the accident, Scott Mitchell's close proximity to the right rear platform of the truck, his position facing that platform when he was struck from behind, nothing remained to be completed in his approach to the truck, and his engagement in a transaction essential to the use of that vehicle, the court concludes that no reasonable jury considering these undisputed facts would find that Scott Mitchell was not 'occupying' the truck at the time he was fatally injured.

6

We agree.  The undisputed material facts support the court's conclusion that Mitchell was "occupying" the sanitation truck at the time of the accident as that term is used in the Argonaut policy.[*]

AFFIRMED.

---

[*]The district court offered an alternative basis for concluding that Mitchell was an insured under the Argonaut policy for uninsured/underinsured coverage: because Mitchell would qualify as an insured for liability coverage, he also must qualify as an insured for uninsured/underinsured coverage.  Our affirmance of the district court judgment does not consider this alternative basis.