

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM TERRYBERRY, | No. 14-17082 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00658-GMN-CWH |
| v. | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted February 15, 2017
San Francisco, California

Before:  W. FLETCHER and RAWLINSON, Circuit Judges, and PRATT,**
District Judge.

Plaintiff–Appellant William Terryberry was performing maintenance on a

road sign along a highway when an uninsured motorist struck the truck he drove to

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert W. Pratt, United States District Judge for the
Southern District of Iowa, sitting by designation.

the site. The truck was owned by his employer and insured by Defendant–Appellee Liberty Mutual Fire Insurance Company ("Liberty Mutual"). Terryberry was standing at least ten feet away from the truck when the crash occurred, but the impact caused the truck to strike Terryberry, causing injuries.

An endorsement to the insurance policy on the truck extended coverage for damage caused by uninsured motorists to anyone "occupying" it when an accident occurred. The endorsement further defined the term "occupying" to mean "in, upon, getting in, on, out or off" a covered auto. The district court found Terryberry was not "occupying" the truck when the accident occurred and granted summary judgment to Liberty Mutual.

"We review the district court's decision to grant summary judgment de novo." *Eichacker v. Paul Revere Life Ins. Co.*, 354 F.3d 1142, 1145 (9th Cir. 2004). Because this diversity case concerns the interpretation of an insurance contract, our analysis is governed by Nevada insurance law. *See id.*

Liberty Mutual argues summary judgment was appropriate because Terryberry judicially admitted he was not "occupying" the truck when the accident occurred when he expressly pleaded he was a "pedestrian" struck by an "unoccupied vehicle." But in opposing summary judgment before the district court, Terryberry explained his use of the term "unoccupied" in the complaint was

2

not intended to invoke the term of art defined in the policy endorsement. A judicial admission that has been effectively retracted by a subsequent explanatory statement no longer has any conclusive effect. *See, e.g.*, *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859–60 (9th Cir. 1995). Consequently, we decline to affirm the grant of summary judgment on this basis.

Turning to the policy language, under Nevada law, an unambiguous provision in an insurance policy is to be interpreted and enforced according to the plain and ordinary meaning of its terms. *Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014). Absent a finding that an ambiguity exists when the policy language is applied to the relevant facts, the reasonable expectations of the insured (or those employed by the insured) provide no assistance to a claimant seeking to establish that coverage under the policy exists. *See Farmers Ins. Exch. v. Young*, 108 Nev. 328, 333 n.3, 832 P.2d 376, 379 n.3 (1992) (concluding the reasonable expectations of the insured are to be considered "[o]nly when an ambiguity exists"); *see also Century Sur. Co.*, 329 P.3d at 616 (acknowledging an ambiguity exists "when applying the policy to the facts leads to multiple reasonable interpretations").

Application of the endorsement language to the undisputed facts makes clear that no such ambiguity exists here. First, Terryberry was not "occupying" the

covered vehicle when the accident occurred by virtue of his being "in" or "upon" it. *See* Upon, Oxford English Dictionary Online, http://www.oed.com/view/Entry/220029 (2017) (noting the preposition "upon" is "regularly employed as a simple equivalent of on"). Terryberry was neither in nor on the truck when the uninsured motorist's vehicle crashed into it or when the truck struck him.

Additionally, though the punctuation in the definition is ambiguous, the present participle of the word "get" plainly modifies each of the remaining prepositions contained in the definition of "occupying."[1] In light of the ordinary meaning of that term, the remainder of the definition extends coverage only to individuals in the process of undertaking an affirmative act or movement in relation to a covered auto. *See Cook v. Aetna Ins. Co.*, 661 So.2d 1169, 1173 (Ala. 1995). But Terryberry was not undertaking the affirmative act of getting in or getting on the truck, nor even approaching it, when the accident occurred. On the contrary, Terryberry had nearly but not yet accomplished the first phase of his work on the sign, upon completion of which he intended to return to the truck, when the uninsured motorist crashed into the truck and caused it to strike him.

---

[1] Notably, if the term "getting" did not modify the terms "out" and "off," the endorsement would extend coverage for damage caused by uninsured motorists even to individuals having no apparent connection to a covered auto.

Such a general intent to undertake an affirmative act in the future is plainly insufficient for coverage under the endorsement.

Finally, Terryberry contends the occupancy requirement applies differently to employees using covered work vehicles; however, the cases he relies upon to support that proposition are inapposite, as each explicitly accounts for considerations extrinsic to the policy language at issue. *See Argonaut Great Cent. Ins. Co. v. Mitchell*, 482 F. App'x 477, 478–80 (11th Cir. 2012) (per curiam); *Utica Mut. Ins. Co. v. Contrisciane*, 504 Pa. 328, 334–35, 473 A.2d 1005, 1008–09 (1984). Under Nevada law, such considerations may be taken into account only upon finding that the language of an insurance policy is ambiguous. *See Century Sur. Co.*, 329 P.3d at 616. However, application of the endorsement language to the undisputed facts here yields only one reasonable conclusion: the endorsement did not extend coverage under the policy to Terryberry at the moment the accident occurred.

**AFFIRMED.**